J-S02008-22

2022 PA Super 75

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| REINALDO FANTAUZZI | : | No. 502 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 9, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003898-2005

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| REINALDO FANTAUZZI | : | |
| | : | |
| Appellant | : | No. 503 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 9, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003898-2005

BEFORE: OLSON, J., KING, J., and McCAFFERY, J.

OPINION BY OLSON, J.: **FILED APRIL 27, 2022**

These cases are before us on consolidated cross-appeals.[1] At

502 EDA 2021, the Commonwealth of Pennsylvania appeals from the

_____

[1] The appeals filed by the Commonwealth (502 EDA 2021) and Reinaldo Fantauzzi (503 EDA 2021) were consolidated upon stipulation of the parties filed with this Court on July 6, 2021. *See* Stipulation for Consolidation, 7/6/21; *see also* Pa.R.A.P. 513 (stating that, "[w]here there is more than one appeal from the same order, or where the same question is involved in two or

judgment of sentence entered on November 9, 2020.[2] In its appeal, the Commonwealth argues that the trial court lacked jurisdiction to resentence Reinaldo Fantauzzi (Fantauzzi) on November 9, 2020, because there was no subject matter jurisdiction for the PCRA[3] court to entertain a petition for collateral relief filed by Fantauzzi in July 2014. **See** Commonwealth's Brief (502 EDA 2021) at 10-19. Because the PCRA court lacked jurisdiction over the July 2014 petition, the Commonwealth reasons that its order granting relief in the form of resentencing, and all subsequent judicial orders addressing Fantauzzi's then-newly imposed sentence, are legal nullities and void *ab initio*.[4] **Id.** At 503 EDA 2021, Fantauzzi raises a discretionary sentencing challenge and further claims that due process warranted the dismissal of an attempted homicide charge because deficiencies in the criminal information failed to place Fantauzzi on notice that the Commonwealth

more appeals in different cases, . . . [a]ppeals may be consolidated by stipulation of the parties to the several appeals").

[2] Pennsylvania Rule of Criminal Procedure 721 permits the Commonwealth to challenge a judgment of sentence by, *inter alia*, filing a motion to modify the judgment of sentence followed by a notice of appeal, upon the trial court's denial of the motion to modify the judgment of sentence. Pa.R.Crim.P. 721(A)(1) and (B)(1)(b).

[3] The acronym "PCRA" refers to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[4] In the alternative, the Commonwealth asserts that the resentencing court misconstrued our instructions in a prior dispositional order remanding this matter for further proceedings. **See** Commonwealth's Brief (502 EDA 2021) at 20-28.

intended to prosecute him for attempted homicide with serious bodily injury. *See* Fantauzzi's Brief (503 EDA 2021) at 14-24.

After careful review and consideration, we conclude that the Commonwealth's jurisdictional argument is dispositive of all issues raised within the context of this appeal. Accordingly, we vacate the judgment of sentence entered on November 9, 2020, and remand this matter for re-imposition of the original sentence imposed by the trial court on September 14, 2006, and affirmed by this Court on August 15, 2007.

The record demonstrates that, on July 12, 2006, a jury convicted Fantauzzi of criminal attempt to commit homicide (2 counts), aggravated assault (4 counts), recklessly endangering another person (4 counts), persons not to possess firearms (1 count), and firearms not to be carried without a license (1 count).[5] The charges arose from the following event:

> [Fantauzzi's convictions arose from an incident in which he shot] at four people in a drive-by incident. One person was sitting in a car; three were on a porch of a nearby house. One of the individuals on the porch, who was already wheelchair bound, was struck [by a bullet] in the leg, thereby constituting serious bodily injury.

*Commonwealth v. Fantauzzi*, 2016 WL 1567073, at *1 (Pa. Super. Filed April 18, 2016) (unpublished memorandum).

---

[5] 18 Pa.C.S.A. §§ 901, 2501, 2702(a)(1), 2705, 6105(a)(1), and 6106(a)(1), respectively. The jury found Fantauzzi not guilty on two counts of criminal attempt to commit homicide. *See* Verdict Slip, 7/12/06.

The trial court imposed an aggregate sentence of 28 to 56 years' incarceration on September 14, 2006. This Court affirmed Fantauzzi's judgment of sentence on August 15, 2007, and our Supreme Court subsequently denied Fantauzzi's petition for allowance of appeal. *Commonwealth v. Fantauzzi*, 935 A.2d 10 (Pa. Super. Filed August 15, 2007) (unpublished memorandum), *appeal denied*, 940 A.2d 362 (Pa. 2007).

On February 13, 2008, Fantauzzi filed *pro se* a petition pursuant to the PCRA. The PCRA court denied Fantauzzi's petition on December 1, 2008. This Court affirmed the order denying Fantauzzi's PCRA petition on January 13, 2010. *Commonwealth v. Fantauzzi*, 991 A.2d 356 (Pa. Super. Filed January 13, 2010) (unpublished memorandum).[6]

On July 3, 2014, Fantauzzi filed *pro se* a petition for *writ* of *habeas corpus*.[7] As our resolution of the issues raised in these appeals turns on the

---

[6] On June 4, 2010, Fantauzzi filed a petition for *writ* of *habeas corpus* with the United States District Court for the Eastern District of Pennsylvania, which was subsequently denied on December 5, 2011. *See Fantauzzi v. Britton*, 2011 WL 6019328 (E.D.Pa Filed December 5, 2011) (unpublished order).

[7] Although Fantauzzi's petition for *writ* of *habeas corpus* appears on the list of documents comprising the certified record, the petition was not transmitted to this Court in the certified record. Notwithstanding, a reproduced record filed with this Court by the Commonwealth includes a time-stamped copy of the petition for *writ* of *habeas corpus* reflecting that the document was filed with the PCRA court on July 3, 2014. Because the accuracy of the reproduction has not been disputed, we will consider the copy of the petition found in the reproduced record. Pa.R.A.P. 1921 at Note; *see also Commonwealth v. Brown*, 52 A.3d 1139, 1145 n.4 (Pa. 2012).

legal implications of Fantauzzi's July 3, 2014 filing, we recount the procedural developments surrounding that submission in some detail.

Upon its filing, the PCRA court treated Fantauzzi's petition for *writ* of *habeas corpus* as a PCRA petition.[8]  **See** PCRA Court Order, 8/7/14 (stating, "[t]his petition is construed as a motion for post-conviction collateral relief" (extraneous capitalization omitted)).  The PCRA court subsequently appointed

---

[8] As discussed more fully *infra*, in his *pro se* petition for *writ* of *habeas corpus*, Fantauzzi set forth a legality of sentence claim based upon the United States Supreme Court's then-recent decision announced in **Alleyne v. United States**, 570 U.S. 99 (2013).  **See** Fantauzzi's *Pro Se* Petition for *Writ* of *Habeas Corpus*, 7/3/14, at ¶4 (raising a claim for "[a] violation of due process of law by [the] imposition of a sentence that has been subsequently declared unconstitutional[] by decisions of the Supreme Court of the United States and [this Court], and [which] must be applied retroactively").  Recognizing that the decision announced in **Alleyne**, **supra**, did not retroactively apply to his judgment of sentence, which became final prior to the announcement of **Alleyne**, **supra**, and that the **Alleyne** decision did not satisfy the new constitutional right exception to the PCRA jurisdictional time-bar, Fantauzzi asserted that his filing should be considered "through the vehicle of *habeas corpus*" rather than as an untimely PCRA petition without exception.  **See** Fantauzzi's *Pro Se* Brief in Support, 7/3/14 (stating that the friction between the PCRA jurisdiction time-bar and application of the decision announced in **Alleyne**, **supra**, "can only be reconciled by permitting [Fantauzzi] to proceed through the vehicle of *habeas corpus*, because the clear language of the PCRA prohibits the retroactive[e] analysis that is afforded by law").  Nonetheless, despite Fantauzzi's assertions and despite the PCRA court viewing his submission as a PCRA petition, the PCRA court did not undertake an assessment of whether it had jurisdiction to address the merits of Fantauzzi's illegal sentence claim and to grant the relief requested.

PCRA counsel to represent Fantauzzi.[9]  On November 5, 2014, the PCRA court

ordered the following:

> [Fantauzzi] shall have 30 days to file a petition *nunc pro tunc* for reconsideration of sentence and a brief in support thereof.  The Commonwealth shall have 30 days thereafter to file a responsive brief.  Upon receipt of the Commonwealth's brief, the parties shall list this matter for a miscellaneous hearing list for argument.

PCRA Court Order, 11/5/14 (paragraph format omitted).  On November 12,

2014, Fantauzzi filed a motion to correct illegal sentence and *nunc pro tunc*

motion to modify sentence ("motion to correct illegal sentence") asserting,

*inter alia*, that Fantauzzi's sentence was illegal because the trial court imposed

mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9712, which was

subsequently declared unconstitutional.[10]  That same day, Fantauzzi's counsel

_____

[9] On September 22, 2014, the PCRA court vacated its order appointing counsel to represent Fantauzzi because Fantauzzi retained private counsel.  **See** PCRA Court Order, 9/22/14.

[10] Section 9712 of the Pennsylvania Sentencing Code states as follows:

> Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

and the Commonwealth jointly filed a "stipulation of the parties" that read, in part, as follows: "[Fantauzzi's] counsel would like to list this [motion to correct illegal sentence] as a motion to modify sentence rather than a PCRA hearing." **See** Stipulation of Parties, 11/12/14, at ¶2 (extraneous capitalization omitted). On January 30, 2015, the PCRA court conducted a status conference on Fantauzzi's motion to correct illegal sentence. At the conclusion of the status conference, the PCRA court, upon being presented with a petition for *writ* of *habeas corpus ad prosequendum* by the Commonwealth, entered a decree that Fantauzzi be present for a hearing on February 20, 2015.[11] **See** PCRA Decree, 1/30/15.

At the February 20, 2015 hearing, the PCRA court stated,

_____

42 Pa.C.S.A. § 9712(a). This Court in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) held that the mandatory minimum sentence set forth in Section 9712(a) was unconstitutional pursuant to the United States Supreme Court decision in **Alleyne v. United States**, 570 U.S. 99 (2013). **Valentine**, 101 A.3d at 812.

[11] In its petition for *writ* of *habeas corpus ad prosequendum*, the Commonwealth indicated that the purpose of the February 20, 2015 hearing was for Fantauzzi's re-sentencing. **See also** PCRA Court Order, 2/5/15 (stating that, the "re-sentencing in this matter is scheduled on February 20, 2015").

Although the PCRA court initially treated Fantauzzi's July 3, 2014 petition for *writ* of *habeas corpus* as a PCRA petition, in the wake of the stipulation by counsel, the PCRA court granted relief without undertaking an assessment of whether the filing met the timeliness requirements of the PCRA and whether the PCRA court possessed jurisdiction to entertain the submission or grant relief, as more fully discussed *infra*.

> [Fantauzzi] has pursued petitions for post[-]conviction [collateral] relief which have been exhausted.  He filed the instant motion to correct illegal sentence and *nunc pro tunc* motion to modify sentence on [] November 12, 2014.  We are here for the hearing on that matter.

N.T., 2/20/15, at 3.  The PCRA court stated that it understood that "there [was] an agreement of counsel in light of the [motion to correct illegal sentence] and proceed with a new sentence hearing that does not consider the [mandatory minimum sentence] provisions of 42 [Pa.C.S.A. § ]9712."  N.T., 2/20/15, at 3.  The Commonwealth replied, "there's no agreement on the part of the Commonwealth, and I think counsel would agree that the sentence as it stands is actually illegal.  It's just an attempt that in the offering if that were to occur[,] we would remedy that situation."  ***Id.*** at 4.  Fantauzzi's counsel responded as follows:

> I have interpreted [**Alleyne**, **supra**,] and not only [its] progeny but also the cases that came before it[ regarding] Pennsylvania mandatory minimum sentences.  [W]e believe that there was an issue with regard to the sentencing.  However, the strength of that legal issue by agreement of what we're doing here today is not being contested.  [T]his is part of the agreement that I believe we had with the Commonwealth.  The [trial c]ourt is not being asked to pass on whether or not our motion [to correct illegal sentence] is correct or not.  It is simply an agreement by the Commonwealth and [Fantauzzi] to allow the [trial c]ourt to re-evaluate or to evaluate not only the sentence that was given but also any new information that [the trial c]ourt might have in terms of imposing sentence.

***Id.*** at 7-8 (paragraph formatting omitted).  Thereupon, the PCRA court vacated the September 14, 2006 judgment of sentence and granted Fantauzzi relief in the form of a re-sentencing hearing.  ***Id.*** at 9.

At the conclusion of the re-sentencing hearing, the trial court imposed an aggregate sentence of 28 to 56 years' incarceration.[12] Trial Court Order, 2/20/15 (noting that Fantauzzi's sentence was to run consecutively to all other sentences, and he was to be given credit for time served). On February 27, 2015, Fantauzzi filed a post-sentence motion requesting the trial court reconsider its judgment of sentence. The trial court subsequently denied Fantauzzi's post-sentence motion on March 2, 2015.

On appeal, this Court affirmed Fantauzzi's February 20, 2015 judgment of sentence.[13] *Fantauzzi*, 2016 WL 1567073, at *1. Fantauzzi did not seek discretionary review by our Supreme Court.

_____

[12] A PCRA court's order granting a new sentencing proceeding ends the collateral proceedings, and the new sentencing proceeding is a trial court function not a function of the collateral proceedings. *Commonwealth v. Grove*, 170 A.3d 1127, 1137 (Pa. Super. 2017).

[13] Fantauzzi proceeded *pro se* on appeal after counsel was permitted to withdraw from representation and the trial court conducted a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

In affirming Fantauzzi's February 20, 2015 judgment of sentence, we note that this Court did not undertake an assessment of whether the PCRA court had jurisdiction to consider Fantauzzi's July 3, 2014 petition for *writ* of *habeas corpus* (PCRA petition) and to award Fantauzzi relief in the form of resentencing as a matter of PCRA law. *See Fantauzzi*, 2016 WL 1567073, at *1 n.1 (stating, "Fantauzzi was resentenced because his original sentence, imposed in 2006, was illegal due to application of a mandatory minimum pursuant to 42 Pa.C.S.[A.] § 9712, which has been declared unconstitutional. *See Alleyne*[, *supra*,]; *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*)").

On May 4, 2017, Fantauzzi filed *pro se* a PCRA petition asserting, *inter alia*, a claim of ineffective assistance of trial counsel and a claim asserting the imposition of a sentence greater than the lawful maximum. Fantauzzi's *Pro Se* PCRA Petition, 5/4/17, at ¶12; **see also** 42 Pa.C.S.A. § 9543(a)(2)(ii) and (vii). That same day, Fantauzzi also filed *pro se* a memorandum in support of his PCRA petition. The PCRA court appointed counsel to represent Fantauzzi. **See** PCRA Court Order, 5/16/17. Thereafter, Fantauzzi filed a petition requesting that he be permitted to proceed *pro se* in seeking collateral relief, which the PCRA subsequently granted after conducting a **Grazier** hearing. **See** Fantauzzi's Petition to Proceed *Pro Se*, 6/12/17; **see also** N.T., 8/4/17, at 9.

On September 11, 2017, Fantauzzi filed *pro se* an amended PCRA petition asserting numerous claims of ineffective assistance of counsel. **See** Fantauzzi's *Pro Se* Amended PCRA Petition, 9/11/17, at 6. On November 8, 2017, the PCRA court denied Fantauzzi's petition.[14] On appeal, Fantauzzi raised claims of ineffective assistance of re-sentencing counsel for (1) failure to object to the trial court's reliance on an incorrect prior record score when it re-sentenced Fantauzzi, and (2) for failure to object to Fantauzzi being

---

[14] In denying Fantauzzi's request for collateral relief, the PCRA court did not consider the timeliness of the PCRA petition because, as may be inferred from the PCRA court's recitation of the procedural history of the case as of November 2017, Fantauzzi filed his *pro se* PCRA petition on May 4, 2017, within one year of his judgment of sentence becoming final upon this Court's decision, dated April 18, 2016, affirming the February 20, 2015 judgment of sentence. **See** PCRA Court Opinion, 11/8/17, at 1-4.

re-sentenced for criminal attempt to commit homicide that involved serious bodily injury in violation of Fantauzzi's constitutional rights. **Commonwealth v. Fantauzzi**, 2019 WL 2226115, at *3 (Pa. Super. Filed May 22, 2019) (unpublished memorandum). This Court found that the PCRA court erred as a matter of law when it "incorrectly reasoned Fantauzzi had either waived his ineffectiveness claims or previously litigated them in earlier proceedings." **Id.** at *5. Upon review, this Court found that,

> the Commonwealth charged [Fantauzzi] with [criminal attempt to commit homicide] generally and did not include in the criminal complaint or information the element of serious bodily injury in relation to [this charge]. The Commonwealth also failed to put [Fantauzzi] on notice that the Commonwealth intended to prosecute and prove [criminal attempt to commit homicide involving serious bodily injury] at trial. The Commonwealth did not prosecute [Fantauzzi] for [criminal attempt to commit homicide involving serious bodily injury].

**Id.** at *7. As such, this Court concluded that Fantauzzi's sentence of 15 to 30 years' incarceration for one count of criminal attempt to commit homicide – serious bodily injury constituted an illegal sentence because the re-sentencing court was not permitted to impose an enhanced sentence under 18 Pa.C.S.A. § 1102(c), absent a finding by a jury of serious bodily injury resulting from the criminal attempt to commit homicide, which the jury did not find at the conclusion of Fantauzzi's trial.[15] **Fantauzzi**, 2019 WL 2226115,

---

[15] Section 1102(c) of the Pennsylvania Crimes Code states,

at *7. In determining that Fantauzzi's ineffective assistance of counsel claim

on this issue merited relief, this Court held that,

> [Fantauzzi's] lack of notice and resultant inability to defend is apparent on the face of the record, and resentencing counsel should have brought this illegal sentence to the attention of the resentencing court [and] objected when the resentencing court re-imposed the enhanced sentence of 15 to 30 years' incarceration for attempted murder. Resentencing counsel had no rational basis for failing to raise a challenge to the illegal sentence, given the lack of notice. Further, resentencing counsel's failure to object at [the] resentencing [hearing] prejudiced [Fantauzzi], because it left [Fantauzzi] exposed to an enhanced maximum sentence for that offense, which he received in violation of [*Apprendi v. New Jersey*, 530 U.S. 466 (2000)], instead of the 20-year maximum for attempted murder generally. Thus, we conclude resentencing counsel was ineffective for failing to protect [Fantauzzi] from the illegal sentence enhancement he received for [criminal attempt to commit homicide involving] serious bodily injury.

*Id.* This Court vacated Fantauzzi's February 20, 2015 judgment of sentence

and remanded the case so the trial court could re-sentence Fantauzzi without

the criminal attempt to commit homicide enhancement pursuant to Section

1102(c). *Id.* at *8. Our Supreme Court denied Fantauzzi's petition for

---

> Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation[,] or conspiracy to commit murder, murder of an unborn child[,] or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the [trial] court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the [trial] court at not more than 20 years.

18 Pa.C.S.A. § 1102(c).

allowance of appeal on February 2, 2020. ***Commonwealth v. Fantauzzi***, 223 A.3d 1286 (Pa. 2020).

On November 9, 2020, the trial court re-sentenced Fantauzzi to an aggregate 23 to 46 years' incarceration. Trial Court Order, 11/9/20 (ordering that Fantauzzi receive credit for time served and that his newly-imposed sentence was to run consecutively to any other sentence he was serving). On November 19, 2020, Fantauzzi filed a post-sentence motion to modify his sentence. That same day, the Commonwealth filed a motion to modify Fantauzzi's sentence pursuant to Pa.R.Crim.P. 721 asserting that the trial court lacked jurisdiction to re-sentence Fantauzzi in February 2015 and, therefore, all subsequent matters in this case were null and void. ***See*** Commonwealth's Motion to Modify Sentence, 11/19/20, at ¶10. Alternatively, the Commonwealth asserted that the trial court "misinterpreted the directions of [this Court upon remand] by only adjusting the sentence for one of the counts" so the sentence no longer included an upward enhancement for serious bodily injury under Section 1102(c). ***Id.*** at ¶11. On January 28, 2021, the trial court denied Fantauzzi's post-sentence motion and denied the Commonwealth's motion to modify the sentence.

On March 1, 2021, both the Commonwealth and Fantauzzi appealed from the November 9, 2020 judgment of sentence as made final by the January 28, 2021 order denying their respective motions. The trial court ordered both the Commonwealth and Fantauzzi to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Fantauzzi filed

his Rule 1925(b) statement on March 15, 2021. The Commonwealth filed its Rule 1925(b) statement on March 18, 2021. On April 5, 2021, the trial court filed its Rule 1925(a) opinion relying on its January 28, 2021 opinion and order, which denied Fantauzzi's post-sentence motion and denied the Commonwealth's motion to modify Fantauzzi's sentence.

The Commonwealth raises the following issues for our review:

1.    Did the [trial] court err in finding that it had jurisdiction to resentence [Fantauzzi]?

2.    In the alternative, did the [trial] court err by misconstruing the remand directive from [this] Court?

Commonwealth's Brief (502 EDA 2021) at 4.

Fantauzzi raises the following issues for our review:

[1.]    Whether the trial court committed an abuse of discretion in imposing an aggregate sentence which was clearly unreasonable in light of the nature and circumstances of the offense?

[2.]    Whether the trial court erred in denying the motion for extraordinary relief?

Fantauzzi's Brief (503 EDA 2021) at 4 (extraneous capitalization omitted).

The Commonwealth's first issue - that the trial court lacked subject matter jurisdiction to re-sentence Fantauzzi on February 20, 2015, and November 9, 2020 - raises a pure question of law and is not waivable. *Commonwealth v. Salley*, 957 A.2d 320, 322 (Pa. Super. 2008) (stating that, a challenge to a trial court's lack of subject matter jurisdiction to resentence a defendant raises a question of law). When examining a question

- 14 -

of law, our scope of review is *de novo*, and our standard of review is plenary. ***Commonwealth v. Hemingway***, 13 A.3d 491, 496 (Pa. Super. 2011) (stating that, "[t]he existence of subject matter jurisdiction goes to the heart of a court's ability to act in a particular case" and a challenge to subject matter jurisdiction "is not waivable, even by consent, and may be raised by any party or by the court, *sua sponte*, at any stage of the proceeding").

Here, the Commonwealth asserts that the genesis of Fantauzzi's November 9, 2020 judgment of sentence was Fantauzzi's petition for *writ* of *habeas corpus* filed on July 3, 2014, that resulted in a series of judicial events as follows: (1) the grant of collateral relief in the form of a new sentencing proceeding and Fantauzzi's February 20, 2015 judgment of sentence; (2) the subsequent filing of a PCRA petition raising an ineffective assistance of re-sentencing counsel claim; (3) the November 8, 2017 order denying Fantauzzi collateral relief; (4) this Court's May 22, 2019 decision remanding the matter to the trial court for a new sentencing proceeding; (5) the November 9, 2020 judgment of sentence; and (6) the instant appeal. Commonwealth's Brief (502 EDA 2021) at 13. The Commonwealth contends that the PCRA court properly treated Fantauzzi's July 3, 2014 petition for *writ* of *habeas corpus* as a PCRA petition, initially, but failed to recognize that, as a PCRA petition, it was untimely and without an exception to the jurisdictional time-bar. *Id.* at 13-17. As such, the Commonwealth argues that the PCRA court lacked jurisdiction over the untimely PCRA petition and was unable to grant relief in the form of a new sentencing proceeding. *Id.* at 17. The

Commonwealth asserts that because the PCRA court lacked jurisdiction over the untimely PCRA petition, the subsequent February 20, 2015 judgment of sentence, and all matters which followed, including the November 9, 2020 judgment of sentence, were null and void *ab initio*. ***Id.*** at 19.

The Commonwealth's jurisdictional argument pertaining to the untimeliness of a PCRA petition that is not the basis of the instant appeal but, rather, appears in the procedural history of the case appears to be an issue of first impression. It is well-established that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005); ***see also Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (holding, courts do not have jurisdiction over an untimely PCRA petition). "[T]he PCRA is intended to be the sole means of achieving post-conviction [collateral] relief." ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013). If an issue is cognizable under the PCRA, the issue must be raised in a timely PCRA petition and cannot be raised in a petition for *writ* of *habeas corpus*. ***Id.*** at 465-466 (stating that, "[u]nless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the *writ* of *habeas corpus*" (citation omitted)). In other words, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a *writ* of *habeas corpus*." ***Id.*** at 466. Moreover, regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA.

- 16 -

*Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007); *see also Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition" (citation omitted)); *Commonwealth v. Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020) (affirming the *Wrecks*' holding that regardless of how a filing is titled, a petition should be treated as filed under the PCRA if it is filed after the judgment of sentence becomes final and seeks relief provided under the PCRA). This Court in *Taylor*, *supra*, held that a petition challenging the legality of sentence on the grounds the sentence exceeded the statutory limit was "undoubtedly cognizable under the PCRA" and, therefore, any such petition regardless of its title was to be treated as a PCRA petition. *Taylor*, 65 A.3d at 467; *see also* 42 Pa.C.S.A. § 9543(a)(2)(vii) (stating that, to be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the sentence resulted from the "imposition of a sentence greater than the lawful maximum").

Here, the record demonstrates that the trial court imposed an aggregate sentence of 28 to 56 years' incarceration on September 14, 2006. This Court affirmed Fantauzzi's judgment of sentence on August 15, 2007, and our Supreme Court denied Fantauzzi's petition for allowance of appeal on December 24, 2007. *See Fantauzzi*, 935 A.2d at 10; *see also Fantauzzi*, 940 A.2d at 362. Fantauzzi did not seek discretionary review before the Supreme Court of the United States. Consequently, Fantauzzi's judgment of

- 17 -

sentence became final on March 24, 2008, 90 days after the expiration of the time in which to seek discretionary review with the Supreme Court of the United States.[16] U.S. Sup. Ct. R 13(1) (stating, "A petition for a *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); **see also** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

Here, a review of Fantauzzi's July 3, 2014 petition for *writ* of *habeas corpus* demonstrates that Fantauzzi asserted his sentence was illegal because the trial court imposed mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9712, which was subsequently declared unconstitutional by **Alleyne**, **supra**, and **Valentine**, **supra**. **See** Fantauzzi's *Pro Se* Petition for *Writ* of *Habeas Corpus*, 7/3/14, at ¶¶4-5; **see also** Fantauzzi's *Pro Se* Brief in Support, 7/3/14, at 2 (stating, Fantauzzi's "claim concerns an unlawful

---

[16] We observe that the 90th day upon which to file an appeal fell on Sunday, March 23, 2008. Therefore, Fantauzzi had until Monday, March 24, 2008, to seek discretionary review with the Supreme Court of the United States. 1 Pa.C.S.A. § 1908 (stating that, when the last day of a period of time referred to in a statute falls on a Saturday or Sunday, such day shall be omitted from the computation).

mandatory minimum sentence[] and a new constitutional rule").[17] In his brief, Fantauzzi acknowledged that **Alleyne**, **supra**, does not apply retroactively to requests for post-conviction collateral relief, and he argued that, as such, he should be permitted to proceed with his petition for *writ* of *habeas corpus*. Fantauzzi's *Pro Se* Brief in Support, 7/3/14, at 3. After appointment of counsel, Fantauzzi's counsel filed a motion to correct Fantauzzi's illegal sentence and a *nunc pro tunc* motion to modify sentence asserting a claim that mirrored the claim asserted in Fantauzzi's *pro se* petition for *writ* of *habeas corpus*, namely that the trial court imposed mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9712, which was subsequently declared unconstitutional. **See** Fantauzzi's Motion to Correct Illegal Sentence and *Nunc Pro Tunc* Motion to Modify Sentence, 11/12/14.

Fantauzzi's July 3, 2014 petition for *writ* of *habeas corpus* sets forth a claim that his aggregate sentence of 28 to 56 years' incarceration resulted from the imposition of a sentence greater than the lawful maximum because the trial court imposed mandatory minimum sentences under Section 9712. Therefore, because Fantauzzi's claim of an illegal sentence, and the relief requested, are contemplated under the PCRA, the PCRA was the sole means of relief in this instance. **Taylor**, 65 A.3d at 465-466. As such, the PCRA court was required to treat Fantauzzi's petition for *writ* of *habeas corpus* as a

_____

[17] For ease of identification, we have numbered Fantauzzi's unpaginated *pro se* brief in support of his *pro se* petition for *writ* of *habeas corpus.*

PCRA petition. *Wrecks*, 934 A.2d at 1289. Counsel's subsequent filing of a motion to correct the illegal sentence, which raised a claim of an illegal sentence and requested relief contemplated under the PCRA, was also required to be treated as a PCRA petition, and, specifically, in the case *sub judice*, treated as an amended PCRA petition. *Id.*

Fantauzzi's judgment of sentence became final on March 24, 2008. Therefore, Fantauzzi's petition for *writ* of *habeas corpus* (PCRA petition) filed on July 3, 2014, more than six years after his judgment of sentence became final, was patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within 60 days of the date that the claim could have been presented.[18]  42

_____

[18] We note that effective December 24, 2018, the time-period in which to file a petition invoking one of the three exceptions was extended from 60 days to one year.  42 Pa.C.S.A. § 9545(b)(2).  This amendment applies to claims arising one year prior to the effective date of the amendment, that is to say,

Pa.C.S.A. § 9545(b)(2) (effective November 17, 1995, to December 24, 2018). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. *Spotz*, 171 A.3d at 676.

Here, Fantauzzi, relying on *Alleyne*, *supra*, and its progeny, purported to invoke the after-recognized constitutional right that any fact that increases the mandatory minimum sentence of a crime is an element of that crime and must be submitted to the fact-finder and found beyond a reasonable doubt. *See* Fantauzzi's *Pro Se* Brief in Support, 7/3/14, at 1 (stating, "[Fantauzzi's] claims are that he is entitled to relief from a new constitutional rule of law"); *see also* Fantauzzi's *Pro Se* Petition for *Writ* of *Habeas Corpus*, 7/3/14; Fantauzzi's Motion to Correct Illegal Sentence and *Nunc Pro Tunc* Motion to Modify Sentence, 11/12/14. It is well-established, however, that the decision announced in *Alleyne*, *supra*, does not apply retroactively on collateral review where the judgment of sentence became final prior to the announcement of the *Alleyne* decision on June 17, 2013. *Commonwealth v. Ramos*, 241 A.3d 445, at *5 (Pa. Super. Filed October 19, 2020) (slip opinion), *relying on*, *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), *appeal denied*, 252 A.3d 1090 (Pa. 2021); *see also Commonwealth v. DiMatteo*, 177 A.3d 182, 192 (Pa. 2018) (stating that, "*Alleyne* does not

_____

arising December 24, 2017, or later. Act. 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Fantauzzi filed what must be viewed as a PCRA petition on July 3, 2014, this amendment does not apply.

apply to cases where the judgment of sentence was final prior to *Alleyne*"). Moreover, because the decision announced in *Alleyne*, *supra*, does not apply retroactively on collateral review, a petitioner cannot rely on *Alleyne* to invoke the after-recognized constitutional right exception to the PCRA jurisdictional time-bar.[19] *Ramos*, 241 A.3d at *5. Therefore, Fantauzzi, in the case *sub judice*, may not rely on *Alleyne*, and its progeny, to invoke an exception to the jurisdictional time-bar because his judgment of sentence was made final prior to the decision announced in *Alleyne*, *supra*, and *Alleyne* does not apply retroactively. Consequently, in requesting collateral relief *via* his July 13, 2014 submission, Fantauzzi failed to invoke a valid exception to the PCRA jurisdictional time-bar pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii).

Because Fantauzzi's July 3 2014 PCRA petition, as amended, was untimely and without exception, the PCRA court did not have jurisdiction to grant Fantauzzi collateral relief in the form of a new sentencing proceeding that, ultimately, resulted in Fantauzzi's February 20 2015 judgment of sentence.[20] Therefore, the PCRA court's order granting Fantauzzi a new

_____

[19] We are cognizant that our Supreme Court in *DiMatteo*, *supra*, recognized that if a petitioner's judgment of sentence were not final when the decision in *Alleyne*, *supra*, was announced, then *Alleyne* may be invoked on collateral review because "its application is not truly 'retroactive.'" *DiMatteo*, 177 A.3d at 192.

[20] To reiterate, the issue of subject matter jurisdiction cannot be waived and can be raised at any time by a court, *sua sponte*, or any party, and cannot be circumvented by agreement or collusion. *Hemingway*, 13 A.3d at 496. Therefore, the trial court erred as a matter of law in finding that the

sentencing proceeding and Fantauzzi's subsequent February 20, 2015 judgment of sentence were null and void *ab initio* because the PCRA court did not have jurisdiction to grant relief. It follows that Fantauzzi's February 20, 2015 judgment of sentence was a legal nullity and Fantauzzi could not appeal from that determination. Moreover, the judicial decisions and orders granting, or denying, subsequent relief that flowed from the February 20, 2015 judgment of sentence are also null and void *ab initio*.[21] As such, the trial court was without jurisdiction to resentence Fantauzzi on November 9, 2020, and Fantauzzi's November 9, 2020 judgment of sentence is null and void *ab initio*. Accordingly, we vacate the judgment of sentence entered on November 9, 2020, and remand this matter for re-imposition of the original sentence imposed by the trial court on September 14, 2006, and affirmed by this Court on August 15, 2007. *See Commonwealth v. Ciccone*, 152 A.3d 1004 (Pa. Super. 2016) (*en banc*) (affirming an order denying collateral relief despite an underlying legality of sentence claim pursuant to *Alleyne*, *supra*,

---

Commonwealth's issue of subject matter jurisdiction was moot. Trial Court Opinion, 1/28/21 , at 11-13.

[21] Our decision herein is not precluded by the coordinate jurisdiction rule because, as supported by the certified record, there was a clear misapplication of the law. *See Commonwealth v. Starr*, 664 A.2d 1326, 1332 (Pa. 1995) (stating that, departure from the coordinate jurisdiction rule, which encompasses the principle that "a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter[,]" is permitted where, *inter alia*, "the prior holding was clearly erroneous and would create a manifest injustice if followed").

where the judgment of sentence became final prior to the decision announced in ***Alleyne***, ***supra***, and the PCRA petition was untimely and without exception), *appeal denied*, 169 A.3d 564 (Pa. 2017).

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/27/2022