J-S19041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NELSON BIRDWELL, III | : | |
| | : | |
| Appellant | : | No. 2922 EDA 2024 |

Appeal from the PCRA Order Entered October 10, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002580-1995

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED JUNE 17, 2025**

Nelson Birdwell, III ("Birdwell") appeals pro se from the order dismissing his petition for review, which the court below properly treated as a serial, untimely petition pursuant to the Post Conviction Relief Act ("PCRA").[1] As he failed to establish an exception to the statutory time-bar, we affirm.

On April 26, 1996, a jury convicted Birdwell of first-degree murder, criminal conspiracy, and hindering apprehension for the killing of Dennis Freeman and subsequent assistance in his co-conspirator's evasion from the police. Birdwell was eighteen years old at the time he committed the crimes. The trial court sentenced Birdwell to life in prison without the possibility of parole. This Court affirmed the judgment of sentence, and our Supreme Court

_____

[1] 42 Pa.C.S. §§ 9541-9546.

denied allowance of appeal on April 27, 2000. ***Commonwealth v. Birdwell***, 2918 PHL 1996, 748 A.2d 765 (Pa. Super. 1999) (table) (non-precedential decision), ***appeal denied***, 758 A.2d 659 (Pa. 2000). Birdwell then filed three PCRA petitions, none of which entitled him to relief.

Birdwell filed a parole application with the Pennsylvania Parole Board. The Board denied the application by letter on January 12, 2023. Birdwell then filed a petition for review under Pa.R.A.P. 1501 in the Commonwealth Court, arguing, inter alia, that the Board's refusal to consider parole for persons who committed crimes between the ages of eighteen and twenty and are serving a term of life in prison violates the Pennsylvania Constitution. The Commonwealth Court found that Birdwell's request effectively claims that his sentence is illegal and should be treated as a petition for relief under the PCRA. ***See Birdwell v. Pennsylvania Board of Probation and Parole***, 80 MD 2023 (Pa. Cmwlth. Sept. 5, 2024) (non-precedential decision). The Commonwealth Court transferred the matter to the PCRA court and directed it to treat the petition for review as a petition filed pursuant to the PCRA.

The PCRA court issued notice of its intent to dismiss Birdwell's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and allowed him twenty days to issue a response. Birdwell then filed a timely response, seeking leave of file an amended PCRA petition so that he could raise the newly-recognized constitutional right timeliness exception and argue ***Commonwealth v. Prinkey***, 277 A.2d 554 (Pa. 2022), provided a new

mechanism to raise a legality of sentence challenge.  Subsequently, the PCRA court dismissed Birdwell's PCRA petition.  Birdwell filed a timely appeal and court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) concise statement.

At the outset, we observe that the PCRA court properly addressed Birdwell's petition under the PCRA.  The law provides that any request for relief filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition if the issue raised is cognizable under the PCRA. *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022); *see also* 42 Pa.C.S. § 9542 (defining the PCRA as "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis").

Birdwell claims that his sentence of life in prison without the possibility of parole is illegal because he was only eighteen years old at the time he committed the crimes in question.  A claim that a petitioner is serving an illegal sentence claim is cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(vii).

The threshold question we must answer then is whether Birdwell's PCRA petition was timely filed or, alternatively, satisfies an exception to the statutory time-bar. *See Fantauzzi*, 275 A.3d at 994 ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack

jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." **Id.** § 9545(b)(2).

Birdwell's judgment of sentence became final on July 26, 2000, after the time to file an appeal to the United States Supreme Court expired. **Id.**

§ 9545(b)(3). Therefore, the instant PCRA petition, filed on February 10, 2023, is facially untimely.

Birdwell attempts to invoke the third timeliness exception, arguing the Pennsylvania Supreme Court recognized a new constitutional right to review an illegal sentence in **Prinkey**.[2]  Birdwell's Brief at 10-14.  Birdwell argues that courts should not apply the mandatory sentence of life in prison without parole to juvenile offenders and that juveniles are recognized to be any individuals under the age of twenty-one. **Id.** at 13-14.

**Prinkey** sets forth four categories of legality of sentence challenges. **Prinkey**, 277 A.3d at 562.  Birdwell relies upon the third of these categories, to wit: "those claims that allege a violation of a substantive restriction that the Constitution places upon a court's power to apply the statutory sentence to the defendant." **Id.**; **see also** Birdwell's Brief at 11.  However, Birdwell fails to establish—through analysis, citation to authority, or otherwise—that **Prinkey** created a new constitutional right, let alone one that the Supreme Court held applies retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(iii).  Further, our Supreme Court has repeatedly held that "[a]lthough legality of sentence

---

[2] Birdwell argues that if the trial court had granted his request to amend, his petition would satisfy this timeliness exception.  Birdwell's Brief at 9-10. Birdwell did not raise this claim in his Rule 1925(b) concise statement; thus, it is waived. **See** Pa.R.A.P. 1925(b)(4)(vii).  Nevertheless, the PCRA court indicated it considered Birdwell's argument in his response to its Rule 907 notice, and found he did not meet a timeliness exception. PCRA Court Opinion, 11/26/2024, at 2.

is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Armolt***, 294 A.3d 364, 378 (Pa. 2023).

Birdwell has failed to sufficiently plead and prove any exception to the PCRA's time bar.[3] As such, the PCRA court did not have jurisdiction to decide the merits of Birdwell's PCRA petition and we likewise lack jurisdiction to consider the claims he raises on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/17/2025

---

[3] Additionally, we note Birdwell raised a similar sentencing claim in a prior PCRA petition. ***See Birdwell***, 2017 WL 219082, at *2 (concluding that ***Miller v. Alabama***, 567 U.S. 470 (2012), was inapplicable to Birdwell's case because he was eighteen at the time he committed the crimes).

- 6 -