J-S46008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
RICHARD MAX CRAWFORD　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　　　:　No. 993 WDA 2025

Appeal from the PCRA Order Entered July 15, 2025
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000109-2005

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:　　　　　　**FILED:  January 21, 2026**

Richard Max Crawford appeals *pro se* from the order denying his "Motion to Open and Strike the Void Judgment (*Nunc Pro Tunc*)."  We affirm.

On December 22, 2006, a jury convicted Appellant of hundreds of sexual offenses relating to acts he committed against a minor victim over a span of multiple years.  He was later sentenced to a total of twenty-five to fifty years in prison.  This Court affirmed the judgment of sentence in June 2009, and our High Court denied Appellant's petition to appeal on December 9, 2009.  *See Commonwealth v. Crawford*, 981 A.2d 309 (Table), No. 1547 WDA 2007 (Pa.Super. 2009) (unpublished memorandum), *appeal denied*, 985 A.2d 970 (Pa. 2009).

Since then, Appellant has filed three petitions pursuant to the Post Conviction Relief Act ("PCRA"), none of which garnered him relief.  On April 24, 2025, Appellant submitted the underlying motion to open and strike,

asserting specifically that the motion fell outside the purview of the PCRA. Within, he cited cases relating to the court's power to open or strike monetary judgments in civil matters, arguing that the same principles should apply here because his convictions for involuntary deviate sexual intercourse ("IDSI") were based upon a repealed statute. The trial court denied the motion, noting that the Pennsylvania Rules of Criminal Procedure do not allow a collateral attack on the verdict, and, moreover, the process for opening or striking judgments in civil cases only applies to judgments entered by default or confession. *See* Order, 7/10/25.

This timely appeal followed. Both Appellant and the trial court complied with the strictures of Pa.R.A.P. 1925. Appellant raises five issues:

1. Was it error and/or abuse of discretion by the lower court to fail to strike a void (*ab initio*) judgment obtained under a deleted statute?

2. Did the prothonotary in 2006 have the authority to enter a void judgment whose statute had been deleted[,] therefore rendering it [void] *ab initio*?

3. Were the charging documents used to prosecute a deleted statute invalid and/or void *ab initio* in this case?

4. Did the void judgment ever become a final judgment due to the fatal error and/or fraud committed *ab initio* by the prosecution's unclean hands as to the deleted statute?

5. Is the Commonwealth continuing to use a fraudulent and/or void judgment, *ab initio*, to claim validity under the doctrine of laches?

Appellant's brief at 4 (cleaned up).

Before addressing the merits of Appellant's claims, we first determine if the motion spurring this appeal constitutes a PCRA petition and, if so, whether we have jurisdiction. This Court has recounted that "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." **Commonwealth v. Fantauzzi**, 275 A.3d 986, 995 (Pa.Super. 2022) (citation omitted). The classification of the motion matters because the timeliness of a PCRA goes to jurisdiction. **Id**. at 994 ("It is well-established that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief." (citation omitted)). Further, in another matter, we determined that a "Motion to Open, and Vacate Order/Sentence," which attacked a judgment of sentence, was properly deemed a PCRA petition. **See**, **e.g.**, **Commonwealth v. Jones**, 343 A.3d 255, 2025 WL 1721061, at *1 n.5 (Pa.Super. 2025) (non-precedential decision).

Here, Appellant's motion seeks to overturn his IDSI criminal convictions and corresponding sentences, thereby averring that his sentences are illegal. This requested relief falls within the scope of the PCRA, and, thus, the motion is subject to the PCRA's time bar requirements. **See**, **e.g.**, **Commonwealth v. Moore**, 247 A.3d 990, 993 (Pa. 2021) ("A claim a petitioner is serving an illegal sentence is cognizable under the PCRA[.]"). Furthermore, Appellant's motion is untimely on its face by approximately fifteen years and contains no facts that would support a timeliness exception. **See** 42 Pa.C.S. § 9545(b)(1)

(stating that any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" a statutory exception). Accordingly, we lack jurisdiction to consider the merits of Appellant's claims. *See Fantauzzi*, 275 A.3d at 994.

Even if Appellant's motion was not properly treated as a PCRA petition, we would affirm for the reasons articulated by the trial court in its Rule 1925(a) opinion. *See* Trial Court Opinion, 10/3/25, at 4-5 (explaining that: (1) the Pennsylvania Rules of Criminal Procedure do not allow for the opening or striking of judgments of sentence, and (2), in any event, courts may not open judgments resulting from a jury trial, as occurred here).

For these reasons, we affirm the court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  1/21/2026