J-S47035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
WILLIAM MOISES TORRES :
:
Appellant : No. 1240 EDA 2025

Appeal from the PCRA Order Entered April 17, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003055-2008

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED FEBRUARY 17, 2026**

William Moises Torres ("Torres") appeals pro se from the order entered by the Lehigh County Court of Common Pleas dismissing his fifth petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Torres filed an untimely PCRA petition and failed to establish an exception to the statutory time-bar, we affirm.

On December 12, 2007, Torres shot Jorge Camacho and Carlos Colazzo multiple times, killing them both. Subsequently, Torres entered a negotiated guilty plea to two counts murder of the third degree in exchange for a sentence of twenty to forty years in prison on each count, to be served consecutively. The trial court accepted the plea. On March 26, 2009, the trial court sentenced

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Torres to the agreed-upon sentence of forty to eighty years of imprisonment. Torres did not file a direct appeal.

On January 29, 2010, he filed a pro se PCRA petition, his first, and the PCRA court appointed counsel. On March 30, 2010, the PCRA court granted Torres' motion to withdraw his PCRA petition.

Thereafter, Torres filed three PCRA petitions,[2] all of which were dismissed. This Court affirmed the two decisions he appealed. *See Commonwealth v. Torres*, 333 A.3d 31 (Pa. Super. Dec. 11, 2024) (non-precedential decision); *Commonwealth v. Torres*, 299 A.3d 876 (Pa. Super. May 4, 2023) (non-precedential decision), *appeal denied*, 307 A.3d 1199 (Pa. 2023).

On January 17, 2025, Torres filed pro se the PCRA petition underlying this appeal. Therein, Torres acknowledged that his petition was untimely and that he did not raise any timeliness exceptions. Instead, he sought to reverse the March 30, 2010 order withdrawing his first PCRA petition claiming fraud by his then-appointed PCRA counsel.[3] Subsequently, Torres filed a motion for leave to amend his PCRA petition, attaching a supplemental petition and

---

[2] Torres also filed other motions and a petition for writ of habeas corpus, all of which were denied.

[3] Torres raised a similar claim in his fourth PCRA petition. *See Torres*, 333 A.3d 31, at *1 (stating that in his fourth PCRA petition, Torres raised a claim that he unknowingly withdrew his first PCRA petition and sought relief "in the interest of justice").

affidavits from Luis Daniel Torres, Torres' uncle, and Maria A. Torres, Torres' mother, alleging they had direct knowledge of PCRA counsel's misrepresentations. The PCRA court denied his motion to amend. The PCRA court then issued a notice of its intent to dismiss the petition as untimely pursuant to Pa.R.Crim.P. 907. Torres filed a response to the notice. Thereafter, the PCRA court dismissed the petition.

Torres filed a timely appeal, presenting the following issue for our review: "Whether the [PCRA] court erred in dismissing [Torres'] PCRA petition alleging fraud and entitlement to relief based on newly discovered evidence?" Torres' Brief at 3 (unnecessary capitalization omitted).

Prior to considering the merits of the claim raised, this Court "must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa. Super. 2016) (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." **Id.** (quotation marks and citation omitted); **see also Commonwealth v. Fantauzzi**, 275 A.3d 986, 994 (Pa. Super 2022) ("the timeliness of a PCRA is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates related to the time for filing any PCRA petition:

(1)  Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

    (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii)  the fact upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Torres' judgment of sentence became final on April 27, 2009, after the time to file a direct appeal expired. *Id.* § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 903(a) (stating that a notice of appeal "shall be filed within 30 days after the

- 4 -

entry of the order from which the appeal is taken").[4]  Torres therefore had until April 27, 2010, to file a timely PCRA petition.  **See** 42 Pa.C.S. § 9545(b)(1).  Thus, the instant PCRA petition, which Torres filed on January 17, 2025, is facially untimely.

As Torres expressly confirmed in his PCRA petition, he did not plead or prove any exception to the one-year time bar therein.  **See** PCRA Petition, 01/17/2025, at 5.  In his appellate brief, however, Torres asserts that he has raised "a claim of newly discovered evidence" from information contained in affidavits supplied by two witnesses.[5]  ***See, e.g.***, Torres' Brief at 10-11.  This claim was not raised in his PCRA petition and is therefore waived on appeal. ***See Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007) ("Any claim not raised in the PCRA petition is waived and not cognizable on appeal.").  Torres' attempt to raise this claim in his motion to amend his PCRA petition does not preserve the claim, as the PCRA court denied Torres' motion. ***See Commonwealth v. Elliott***, 80 A.3d 415, 430 (Pa. 2013) (holding that claim is waived because it was not included in PCRA petition and PCRA court

_____

[4] Strictly speaking, Torres' judgment of sentence became final on April 25, 2009, but because that was a Saturday, we extend the timeframe to the following Monday.  **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[5]  We presume Torres means to refer to the newly-discovered fact exception to the PCRA's time-bar, and not the substantive claim of after-discovered evidence.  **Compare** 42 Pa.C.S. § 9545(b)(1)(ii), **with id.** § 9543(a)(2)(vi).

did not give permission to amend PCRA petition); *see also Commonwealth v. Reid*, 99 A.3d 470, 484 (Pa. 2014) (finding claims raised in unauthorized supplemental petitions waived).[6]

The underlying PCRA petition was untimely, and Torres failed to plead and prove that any exceptions apply. Accordingly, neither the PCRA court nor this Court have jurisdiction to consider the merits of Torres' claims. *See Commonwealth v. Keys*, 328 A.3d 1141, 1146 (Pa. Super. 2024) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims") (citation omitted).

Order affirmed.

Judge Olson joins the memorandum.

President Judge Emeritus Panella notes dissent.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/17/2026

---

[6] Even if not waived, Torres has not established that he exercised due diligence in seeking the information he obtained from these witnesses, as he made no claim below or on appeal that the information, which came from family members, was not available for him to him at the time he withdrew his first PCRA petition. *See* 42 Pa.C.S. § 9545(b)(2).