J-S45008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOEL BROWN | : | |
| | : | |
| Appellant | : | No. 1656 EDA 2022 |

Appeal FROM the Order Entered May 20, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000258-2016

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 02, 2023**

Appellant, Noel Brown, appeals *pro se* from the order entered on June 15, 2022, dismissing as untimely his third petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly set forth the facts and procedural history of this case as follows.  Following a jury trial in 2016, Appellant was convicted of interference with custody of children, dissemination of photos of child sex acts, corruption of minors, furnishing liquor to minors, and trafficking in minors.[1]  On February 3, 2017, the trial court sentenced Appellant to an aggregate term of 180 to 394 months of incarceration.  We affirmed Appellant's judgment of sentence

---

[1] 18 Pa.C.S.A. §§ 2904(a), 6312(c), 6301(a)(1)(ii), 3011(b), and 6310.1(a), respectively.  This Court provided a more detailed recitation of the facts pertaining to Appellant's underlying convictions in an unpublished memorandum filed on October 23, 2017.  **See Commonwealth v. Brown**, 2017 WL 4772761, at *1 (Pa. Super. 2017).

on October 23, 2017. *See Commonwealth v. Brown*, 2017 WL 4772761 (Pa. Super. 2017) (unpublished memorandum), *reargument denied* (November 22, 2017). Thereafter, "Appellant untimely filed petitions for allowance of appeal to our Supreme Court, which were denied." *Commonwealth v. Brown*, 2020 WL 1461011, at *1 (Pa. Super. 2020). On October 25, 2018, Appellant filed his first PCRA petition. On July 1, 2019, the PCRA court denied relief. Appellant appealed and, on March 24, 2020, this Court dismissed the appeal because Appellant's appellate brief was deficient. *See id.*

Relevant to the current appeal, on January 10, 2022, Appellant filed a *pro se* petition for writ of *habeas corpus* with the Commonwealth Court of Pennsylvania, which was transferred to the Wayne County Court of Common Pleas. On April 20, 2022, the Wayne County Court of Common Pleas entered an order concluding that Appellant's claims fell under the provisions of the PCRA. Accordingly, the court dismissed Appellant's filing as an untimely PCRA petition.

Appellant did not file a notice of appeal. Instead, on May 17, 2022, Appellant filed a *pro se* motion for reconsideration with the PCRA court, which the PCRA court denied by order entered on May 20, 2022. Technically, the motion for reconsideration qualified as a third petition under the PCRA, raising the same claims as Appellant's second petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) ("[A]ll motions filed after a judgment of sentence is final are to be construed as PCRA petitions."). After

- 2 -

the PCRA court denied relief, Appellant filed a *pro se* notice of appeal on May 31, 2022. This timely appeal resulted. Appellant and the PCRA court complied with Pa.R.A.P. 1925.[2]

Initially, we note that Appellant's *pro se* brief does not conform to our Rules of Appellate Procedure. Most notably, Appellant fails to provide this Court with the PCRA court's order or opinion in question, a statement of both the scope and standard of review, a statement of questions involved, a copy of the statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) or an averment that no Rule 1925(b) statement was ordered. **See** Pa.R.A.P. 2111. We could dismiss Appellant's *pro se* appeal on this basis alone. **See** Pa.R.A.P. 2101; **see also Commonwealth v. Vurimindi**, 200 A.3d 1031, 1037 (Pa. Super. 2018) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant; to the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.").

Upon review, however, we conclude that the PCRA court lacked jurisdiction to entertain Appellant's PCRA petition. We previously stated:

> It is well-established that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack

---

[2] We note that while this appeal was pending, on June 9, 2022, Appellant filed another PCRA petition, his fourth overall. The PCRA court denied relief by order entered on June 15, 2022, Appellant appealed that decision, and we address that appeal separately. **See Commonwealth v. Brown**, 1985 EDA 2022.

jurisdiction over the petition and cannot grant relief. The PCRA is intended to be the sole means of achieving post-conviction collateral relief. If an issue is cognizable under the PCRA, the issue must be raised in a timely PCRA petition and cannot be raised in a petition for writ of *habeas corpus*. In other words, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*. Moreover, regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA.

***Commonwealth v. Fantauzzi***, 275 A.3d 986, 994–995 (Pa. Super. 2022) (internal quotations, citations, and brackets omitted). "On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 723 (Pa. 2003).

This Court dismissed Appellant's direct appeal on March 24, 2020. Appellant did not file a timely petition for allowance of appeal with the Pennsylvania Supreme Court. Therefore, Appellant's judgment of sentence became final on April 23, 2020, when the 30-day period for seeking review expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Thus, Appellant had one year from the date that his judgment of sentence became final, or until April 23, 2021, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final...."). Here,

Appellant, on January 10, 2022, filed a writ of *habeas corpus*, raising claims pertaining to his trial including, *inter alia*, issues surrounding witness identification, his preliminary hearing and right to counsel at that proceeding, jury selection, and the return of property. The PCRA is the sole means by which an appellant may collaterally challenge his conviction. ***Commonwealth v. Descardes***, 136 A.3d 493, 498 (Pa. 2016), *citing* 42 Pa.C.S.A. § 9543(a)(1)(i). As such, the PCRA court properly treated Appellant's contentions as claims under the PCRA and dismissed his filing as an untimely PCRA petition on April 20, 2022.

Appellant reasserted his untimely collateral claims in a motion for reconsideration, which he filed on May 20, 2022. We consider this to be Appellant's third PCRA petition. Because this filing was submitted after April 23, 2021, it was patently untimely under the PCRA. "If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1)." ***Fantauzzi***, 275 A.3d at 996. "The three narrow statutory exceptions to the one-year time-bar are as follows: (1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." ***Id.*** (citation omitted). Appellant does not cite the PCRA at all, let alone point to one of the PCRA's jurisdictional exceptions. "If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief." ***Id.*** at 997 (citation omitted). Without

jurisdiction, the PCRA court properly dismissed Appellant's claims. For the foregoing reasons, Appellant is not entitled to relief.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/2/2023*