J-S03042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MELVIN BETHUNE, JR. | : | |
| | : | |
| Appellant | : | No. 283 MDA 2023 |

Appeal from the PCRA Order Entered January 20, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003317-1998

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED FEBRUARY 09, 2024**

Melvin Bethune, Jr. ("Bethune") appeals pro se from the order entered by the York County Court of Common Pleas dismissing his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] without a hearing.[2] Because the petition is untimely filed and Bethune failed to establish a time-bar exception, we affirm.

In a prior decision, this Court summarized the facts underlying Bethune's convictions as follows:

> [Bethune's] conviction arose from the October 5, 1997 shooting death of Raymond Clark, an innocent victim caught in

---

[1]  42 Pa.C.S. §§ 9541-9546.

[2]  Rule 907 of the Pennsylvania Rules of Criminal Procedure permits a PCRA court to dismiss a PCRA petition without a hearing if it finds "there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings."  Pa.R.Crim.P. 907(1).

the middle of a gang war. [Bethune] and co-defendant Tysheem Crocker [we]re members of a gang called the Cream Team. They participated in numerous illegal activities in York, including the sale of drugs in the Maple Street area. On the morning of the murder, several members of a rival gang, the Gods, surrounded a home in which members of the Cream Team were located. [Bethune] left the home, while the others remained inside. Gunfire soon erupted, although no one was injured. When [Bethune] returned, he told the group that several members of the Gods had assaulted him.

Thereafter, [Bethune] and Crocker decided to get even with Kendu Smith, aka Do-Work, the leader of the Gods. They went to New York City to recruit members for their plan, returned with reinforcements, and met at a motel on the evening of the murder. [Bethune] phoned a friend who lives on Maple Street and confirmed that Do-Work and some of the other Gods were "rolling dice" on Maple Street. The group decided to shoot Do-Work and anyone who was with him. [Bethune] specifically instructed the group "when we get there, take no prisoners." (N.T. Trial, 1/11-15/99, Vol. 1, at 349-350). The group then went to retrieve their guns, which were hidden in a friend's home. After doing so, they split up and met in front of the dice game in which Do-Work was a participant.

Crocker approached Do-Work and the two exchanged words. Crocker then pulled out his firearm and put the gun to Do-Work's head. Although he tried to shoot, the gun jammed. At that point, someone in [Bethune's] group fired a shot, and everyone began shooting. As the dice players scattered, Commonwealth witness Danny Steele and two other members of the Cream Team, one of whom is identified only as Corleone, ran down another street firing into the crowd. When the shooting stopped momentarily, the victim, Raymond Clark, tried to flee. As he did, Corleone shot and killed him. Clark was not a member of the Gods, but was participating in the dice game. There was testimony that none of the dice players were armed.

*Commonwealth v. Bethune*, 1946 MDA 2001, *1-2 (Pa. Super. Aug. 12, 2002) (non-precedential decision) (citation omitted).

Following trial, a jury convicted Bethune of first-degree murder and criminal conspiracy. On January 15, 1999, the trial court sentenced Bethune to the mandatory term of life in prison for the murder conviction and a concurrent term of twenty to forty years of incarceration for the conspiracy conviction. This Court affirmed his judgment of sentence and on May 24, 2000, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Bethune*, 595 MDA 1999 (Pa. Super. Dec. 7, 1999) (non-precedential decision), *appeal denied*, 750 A.2d 364 (Pa. 2000).

In the years that followed, Bethune filed three PCRA petitions, none of which warranted relief. *See Commonwealth v. Bethune*, 1963 MDA 2012 (Pa. Super. Jan. 14, 2013) (Order) (dismissing appeal relating to Bethune's third PCRA petition for noncompliance with Pa.R.A.P. 3517); *Commonwealth v. Bethune*, 505 MDA 2010 (Pa. Super. Oct. 22, 2010) (non-precedential decision); *Bethune*, 1946 MDA 2001, *appeal denied*, 809 A.2d 952 (Pa. 2003).[3]

On January 28, 2022, Bethune, through privately retained PCRA counsel, filed the instant PCRA petition, his fourth. The PCRA court issued notice of its intent to dismiss Bethune's petition without a hearing pursuant to

_____

[3] Bethune also filed two petitions for writ of habeas corpus in federal court. The federal district court denied relief on both petitions. *Bethune v. Wenerowicz*, No. 3:12-CV-0817, 2012 WL 6499348 (M.D. Pa. Dec. 13, 2012); *Bethune v. Vaughn*, No. 3:03-CV-1667 (M.D. Pa. Nov. 19, 2004).

Pa.R.Crim.P. 907, finding it untimely and that Bethune failed to establish an exception to the PCRA's timeliness requirements. On January 20, 2023, the PCRA court dismissed the fourth petition. This appeal followed.[4]

Bethune presents six questions for our consideration, but the threshold question we must address is whether Bethune's fourth PCRA petition was timely filed or, alternatively, satisfies an exception to the statutory time bar. *See Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief").

A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless that petition alleges, and the petitioner proves, that an exception to the time limitation is met. 42 Pa.C.S. § 9545(b)(1)(i-iii). The exceptions to the one-year time bar include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

_____

[4] On February 13, 2023, PCRA counsel sought to withdraw as counsel in the PCRA court. Petition to Withdraw as Counsel, 2/13/2023. The PCRA court denied the petition because counsel had not filed a notice of appeal or attached a signed statement from Bethune indicating he understood his rights and did not wish to appeal the dismissal of his fourth PCRA petition. Order, 2/13/2023. After PCRA counsel filed the instant appeal, the PCRA court granted counsel's petition to withdraw. Order Granting Petition to Withdraw as Counsel, 2/24/2023. As noted above, Bethune did not retain new counsel and instead proceeded pro se on appeal.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). A PCRA petition invoking a statutory exception must be filed within one year of the date the claim could have been presented. *Id.*, § 9545(b)(2). Additionally, to be eligible for PCRA relief, the petitioner must plead and prove that the allegation of error has not been previously litigated or waived. *Id.*, § 9543(a)(3). An issue has been previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." *Id.*, § 9544(a)(3).

Bethune's judgment of sentence became final on August 22, 2000, after our Supreme Court denied Bethune's petition for allowance of appeal and the time to seek certiorari with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3). To be timely, Bethune's petition would have to have been filed by August 22, 2001; thus, the instant petition, filed on January 28, 2022, is patently untimely.

In an effort to satisfy an exception to the timeliness requirement, Bethune claims the applicability of sections 9545(b)(1)(i) (governmental interference) and (b)(1)(ii) (newly discovered facts). *See* PCRA Petition, 1/28/2022, ¶¶ 27-28, 33 & Ex. A014-A015. With respect to newly discovered

facts, Bethune asserts he recently uncovered, through a private investigator, new information relating to the clerk who signed Bethune and co-defendant Crocker into the motel the night of the killing, Teri Flinchbaugh.[5] Bethune's Brief at 25-26, 33 (unpaginated); PCRA Petition, 1/28/2022, ¶¶ 3-4, 16, 27-28. Specifically, he argues that the investigator's November 29, 2021 report, which includes a statement by Flinchbaugh, reveals that Flinchbaugh did not start work until 11:00 p.m. that night, and thus shows Bethune was not at the motel at the time of the conspiratorial meeting to plan the murder. Bethune's Brief at 25-26, 33 (unpaginated); PCRA Petition, 1/28/2022, ¶¶ 4, 27-28, 30-32.

The PCRA court rejected Bethune's attempt to invoke the newly discovered facts exception, finding that Bethune previously litigated the same claim in his second PCRA petition. PCRA Court Order, 1/20/2023, at 1 (citing Rule 907 Notice, 12/28/2022, at 3-4) (unpaginated); *see* 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(3).

The record reflects that in his second PCRA petition, filed in 2009, Bethune indeed sought relief under the newly discovered facts exception based on the time of Flinchbaugh's shift on the night of the murder. PCRA Petition, 9/29/2009, ¶ 12. Therein, Bethune claimed he learned of

---

[5] She is now known as Teri Silar. To avoid confusion with the record, we refer to her as Flinchbaugh.

Flinchbaugh through Crocker, attaching to his petition a February 24, 2007 report by Crocker's private investigator summarizing the investigator's interview with Flinchbaugh and motel records from the night of the murder, which showed the time Flinchbaugh worked and included the night audit report/guest folio she prepared. *Id.*, ¶ 12 & Exs. A, B, C-2. At the subsequent hearing on the second petition, at which Flinchbaugh testified, she stated that she always worked 11:00 p.m. to 7:00 a.m. as the night auditor and desk clerk and could not have checked anyone into the motel before 11:00 p.m. on the night of the murder. N.T., 3/1/2010, at 12-23; *see also id.* at Exs. 1 (Flinchbaugh's employee time record on the night of the murder), 2 (the motel night audit report/guest folio on the night in question).

The PCRA court denied the relief requested in Bethune's second petition and this Court affirmed, concluding:

> Bethune alleges, as he testified at the PCRA hearing, that the chronology of the murder of which he was convicted would be altered if the factfinder was apprised of [] Flinchbaugh's testimony concerning co-defendant Crocker's late check-in time at the Super 8 Motel. Nevertheless, Bethune has offered no explanation of how or why Flinchbaugh's testimony remained undisclosed for over ten years following trial; nor has he demonstrated, assuming a satisfactory explanation for the absence of Flinchbaugh's testimony, that he came forward with the facts averred in that testimony within sixty days[6] of first discovering them. These

---

[6] The PCRA has since been amended to enlarge the sixty-day limitation to a period of one year. *See* Act of Oct. 24, 2018, P.L. 894, No. 146, § 2 (effective Dec. 24, 2018). The amendment applies only to claims arising on or after December 24, 2017. *Id.*, §§ 3-4.

> deficiencies defeat any showing of timeliness under section 9545
> that Bethune might otherwise be able to make[.]

**Bethune**, 505 MDA 2010 at *5 (footnote added).

Bethune's assertion in his fourth petition that he only learned of Flinchbaugh's existence upon receipt of the investigator's November 29, 2021 report is belied by the record. Not only were the facts upon which Bethune's claim is based known to him for more than a decade prior to the filing of the instant petition, he had previously litigated this precise claim in a prior PCRA petition. **See** 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(3); **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011) (stating that previously litigated claims are not cognizable under the PCRA). Therefore, Bethune's attempt to implicate the newly discovered facts exception to the PCRA's time limitation fails.

Turning to the governmental interference exception, Bethune attempts to assert a **Brady**[7] violation based upon the Commonwealth's failure to inform him that it interviewed Flinchbaugh and its failure to turn over any notes of the interview or a folio of motel guest and phone records. Bethune's Brief at 25-27 (unpaginated); PCRA Petition, 1/28/2022, ¶ 33 & Ex. A014-A015. Bethune again asserts that he first learned of the alleged **Brady** violation in the investigator's November 29, 2021 report. **Id.**, ¶¶ 33-34. Bethune contends that this information was material to his defense because it

---

[7] **Brady v. Maryland**, 373 U.S. 83 (1963).

- 8 -

contradicts trial testimony that he was at the motel when the conspiratorial meeting to plan the murder occurred and because it would show if and when any phone calls were made from the motel room as alleged at trial. Bethune's Brief at 25-27 (unpaginated); PCRA Petition, 1/28/2022, ¶ 33.

The PCRA court rejected this claim based upon Bethune raising the same argument under the newly discovered facts exception in his second PCRA petition. PCRA Court Opinion, 3/31/2024, at 4. According to the PCRA court, it was previously litigated and thus did not entitle him to relief. **Id.**

The law is clear that a **Brady** violation may fall under the governmental interference exception to the PCRA's time bar. **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008). A petitioner seeking relief in an untimely PCRA petition based upon a **Brady** violation "must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." **Id.** (citation omitted).[8] "Due diligence

_____

[8] We note that our Supreme Court has "acknowledge[d] that questions may endure about the appropriateness of a due diligence inquiry when analyzing timeliness under Section 9545(b)(1)(i) of the PCRA." **Commonwealth v. Towles**, 300 A.3d 400, 417 n.18 (Pa. 2023); **id.** at 418-21 (Donohue, J., concurring); **id.** at 421-22 (Wecht, J., concurring). At the time of this writing, however, it remains the law of this Commonwealth that a PCRA petitioner must plead and prove that knowledge of the Commonwealth's **Brady** violation could not have been obtained earlier with the exercise of due diligence. **Id.** at 413 n.14, 417 n.18; **Abu-Jamal**, 941 A.2d at 1268. Therefore, this Court must adhere to it. **Commonwealth v. Foley**, 38 A.3d 882, 892 (Pa. Super. 2012) (stating that the Superior Court "has a duty and obligation to follow the
*(Footnote Continued Next Page)*

does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort" to obtain the information upon which a claim is based." *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016) (citation and quotation marks omitted).

Thus, assuming (without deciding) the Commonwealth's failure to disclose the motel clerk's interview or turn over motel records constituted a *Brady* violation,[9] Bethune is not entitled to an indefinite period to raise the claim by invoking the government interference exception. As detailed above, Bethune has known of Flinchbaugh since at least 2009. *See* PCRA Petition, 9/29/2009, ¶ 12 & Exs. A, B, C-2; N.T., 3/1/2010, at 12-23 & Exs. 1-2. Bethune now claims that it was not until November 29, 2021 – more than eleven years after Flinchbaugh testified at the hearing on his second PCRA petition – that he learned the Commonwealth failed to disclose that it interviewed her prior to trial. PCRA Petition, 1/28/2022, ¶¶ 33-34, Ex. A014-

_____

decisional law of the Supreme Court of Pennsylvania. The primary role of the Superior Court is to apply existing law to the cases that come before us.") (internal quotation marks, brackets, and citations omitted).

[9] "In order for a defendant to establish the existence of a *Brady* violation, he must establish that there has been a suppression by the prosecution of either exculpatory or impeachment evidence that was favorable to the accused, and that the omission of such evidence prejudiced the defendant. *Commonwealth v. Morris*, 822 A.2d 684, 696 (Pa. 2003) (citation omitted). There is no *Brady* violation "where the parties had equal access to the information or if the defendant knew or could have uncovered such evidence with reasonable diligence." *Id.* (citation omitted).

015. Bethune provides no explanation of why he could not have discovered the Commonwealth's failure to disclose information related to its interview with Flinchbaugh sooner in either his PCRA petition or in his brief before this Court.[10] Indeed, he fails to recognize, let alone address, the lengthy time gap between when Flinchbaugh testified at his March 1, 2010 PCRA hearing and when he allegedly learned that she had been interviewed by the Commonwealth in the November 2021 investigator's report.

Further, as discussed supra, Bethune previously pursued post-conviction relief based on what time Flinchbaugh worked on the night of the killing and the timing of when he checked into the motel. Bethune's attempt to recast this previously litigated argument as a governmental interference claim does not entitle him to relief. *See Commonwealth v. Bond*, 819 A.2d 33, 39 (Pa. 2002) (stating the well-settled law that a PCRA petitioner cannot obtain review of previously litigated claims by presenting new theories of relief to relitigate them).

The majority of the remaining claims raised by Bethune on appeal sound in ineffective assistance of PCRA counsel. Bethune's Brief at 16-29

---

[10] Ordinarily, failure to raise a claim before the PCRA court results in waiver. *Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) ("Any claim not raised in the PCRA petition is waived and not cognizable on appeal."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). However, we find waiver unnecessary here given our resolution of the due diligence claim and the Commonwealth's failure to object to our consideration of this argument.

(unpaginated). In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), the Pennsylvania Supreme Court held that a "PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401 (footnote omitted). The *Bradley* case, however, occurred in the context of a first, timely PCRA petition. *See id.* at 384. "Nothing in *Bradley* creates a right to file a second [or subsequent] PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023); *see also Bradley*, 261 A.3d at 404, n.18 (rejecting the notion that "a petitioner's 'discovery' of initial PCRA counsel's ineffective assistance [] constitute[s] a 'new fact' that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the 'new fact' exception").

As our analysis throughout this decision makes clear, this is an appeal from an untimely serial PCRA petition and Bethune fails to satisfy any exceptions to the statutory time bar. Therefore, this Court is without jurisdiction to decide Bethune's claims of PCRA counsel's ineffectiveness.

For the foregoing reasons, we affirm the PCRA court's order dismissing his fourth PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/09/2024