J-S25041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA
                                         :
            v.                             :
                                         :
                                         :
MARTIN TISDALL                      :
                                         :
             Appellant              :     No. 2954 EDA 2023

Appeal from the PCRA Order Entered October 24, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0308871-1998

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                     **FILED AUGUST 16, 2024**

Martin Tisdall ("Tisdall") appeals pro se from the order entered by the Philadelphia County Court of Common Pleas dismissing his fifth petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Tisdall filed an untimely PCRA petition and failed to establish an exception to the statutory time-bar, we affirm.

In 1997, Tisdall and a co-conspirator robbed four Philadelphia retail stores at gunpoint. On November 22, 1999, Tisdall entered an open guilty plea to multiple counts of robbery, criminal conspiracy, and possessing an instrument of crime. On March 1, 2000, the trial court sentenced Tisdall to thirty-two and one-half to sixty-five years in prison, to be followed by sixty

---

[1] 42 Pa.C.S. §§ 9541-9546.

years of probation. Tisdall filed timely post-sentence motions. The trial court denied these motions on May 3, 2000. Tisdall did not file a direct appeal.

Tisdall filed a timely first PCRA petition raising a single claim of ineffective assistance of counsel. The PCRA court held a hearing, after which it denied the petition. This Court affirmed. *See Commonwealth v. Tisdall*, 2997 EDA 2002 (Pa. Super. Aug. 20, 2003) (non-precedential decision). Thereafter, Tisdall filed three PCRA petitions, all of which were dismissed. This Court affirmed each dismissal. *See Commonwealth v. Tisdall*, 2071 EDA 2022 (Pa. Super. May 22, 2023) (non-precedential decision); *Commonwealth v. Tisdall*, 2788 EDA 2017 (Pa. Super. Mar. 21, 2019) (non-precedential decision), *appeal denied*, 218 A.3d 378 (Pa. 2019); *Commonwealth v. Tisdall*, 2898 EDA 2014 (Pa. Super. Aug. 28, 2015) (non-precedential decision), *appeal denied*, 131 A.3d 491 (Pa. 2016).

On July 5, 2023, Tisdall filed the pro se PCRA petition underlying this appeal. The PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Tisdall filed a response to the notice. Thereafter, the PCRA court dismissed the petition. Tisdall filed a timely appeal, presenting the following issue for our review: "Whether the [PCRA] court erred in dismissing [Tisdall's] post[-]conviction petition seeking relief in the interest of justice where insufficient reason exist to support differential treatment among individuals?" Tisdall's Brief at 3 (unnecessary capitalization omitted).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa. Super. 2016) (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." **Id.** (quotation marks and citation omitted); **see also Commonwealth Fantauzzi**, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner pleads and proves that an exception to the time limitation is met. 42 Pa.C.S. § 9545(b)(1). The exceptions to the one-year time bar include:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 3 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i-iii).  A PCRA petition invoking a statutory exception must be filed within one year of the date the claim could have been presented. *Id.* § 9545(b)(2).

Tisdall's judgment of sentence became final on June 2, 2000, when the time for filing a direct appeal expired.  ***See Commonwealth v. Claffey***, 80 A.3d 780, 783 (Pa. Super. 2013) ("[W]hen post-sentence motions are filed, the judgment of sentence does not become final until those motions are decided.").  As such, the instant PCRA petition, filed on July 5, 2023, is facially untimely.  ***See*** Tisdall's Brief at 8 (recognizing the PCRA petition was untimely filed).

Tisdall claims, however, that there was a breakdown in the PCRA court when it did not properly advise him of his appellant rights following the denial of his first PCRA petition.  Tisdall's Brief at 9-10.  Tisdall argues that this case therefore presents extraordinary circumstances warranting relief.  ***Id.***  To support his argument, Tisdall cites to ***Commonwealth v. Valentine***, 287 A.3d 872 (Pa. Super. Oct. 18, 2022) (non-precedential decision) (vacating dismissal of appellant's second PCRA petition where the PCRA court erroneously advised appellant of his appellate rights after the denial of his first

PCRA petition, causing a breakdown of the judicial process). Tisdall's Brief at 9.

Upon review, we conclude that Tisdall failed to invoke, let alone establish, any exceptions to the one-year time bar. 42 Pa.C.S. § 9545(b)(1). His citation to **Valentine** does not provide an avenue for relief, as the law is clear he must establish an exception to the one-year time limit in order for this Court (or any court) to have jurisdiction to decide the merits. **Valentine** does not fall under any of the PCRA's time-bar exceptions—it does not create a new constitutional right or apply retroactively, nor does Tisdall make any claim in support of such a finding.

Moreover, the facts and circumstances at issue in **Valentine**—wherein the PCRA petitioner had been misinformed of his appellate rights, which directly impacted the timeliness of his first PCRA petition—are not present here. Tisdall does not dispute he filed a timely first PCRA petition, and a timely appeal following its denial, which this Court affirmed.

The underlying PCRA petition was untimely, and Tisdall failed to plead and prove that any exceptions apply. Accordingly, neither the PCRA court nor this Court have jurisdiction to consider the merits of Tisdall's claims. **See Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims.") (citation omitted).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/16/2024