J-S43003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LUIS NESTOR MARTINEZ | : | |
| | : | |
| Appellant | : | No. 742 EDA 2024 |

Appeal from the PCRA Order Entered February 5, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003442-2010

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 9, 2024**

Luis Nestor Martinez appeals *pro se* from the order that dismissed as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant is serving a sentence of twenty-four to fifty years of imprisonment imposed upon convictions for offenses stemming from his invasion of the home of James Lutz and Petrina Calantoni on Father's Day 2010.  "During the incident, which lasted three to four hours, [Appellant] and his co-conspirator bound and blindfolded the victims, threatened to kill them with a gun, doused the man with chemicals, sprayed the man's eyes with chemicals, and hit him with a golf club."  PCRA Court Notice of Intention to Dismiss, 10/16/23, at 2.

Appellant proceeded to a jury trial on July 12, 2011. The Commonwealth first called Ms. Calantoni to testify about the events in question. While cross-examining her, Appellant's counsel impeached her concerning her in-court description of the two burglars, utilizing her testimony at the preliminary hearing at which Appellant had represented himself. Specifically, counsel referred to "the preliminary hearing transcript that was recorded via tape and provided to me by the Commonwealth." N.T. Trial, 7/12/11, at 58.

Thereafter, the Commonwealth called Mr. Lutz to recount his recollection of the incident. His testimony included the following exchange with Assistant District Attorney Patricia Mulqueen ("ADA Mulqueen"):

Q.   Did you attend a preliminary hearing?

A.   I did.

Q.   In October of 2010?

A.   Yes.

Q.   For [Appellant]?

A.   Yes.

Q.   Did you hear him speak at that preliminary hearing?

A.   A lot.

Q.   Okay. Why did you hear him speak a lot?

A.   Because he represented himself at the preliminary hearing and asked me questions under oath.

Q.    When he asked you questions on October 1, 2010, did you recognize his voice then?

A.    Yes.

Q.    And where had you heard his voice before?

A.    In my basement on Father's Day.

N.T. Trial, 7/12/11, at 88-89.

Shortly thereafter, when the court recessed for lunch, Appellant elected to plead guilty to a bevy of the charges against him including conspiracy, burglary, robbery, aggravated assault, and kidnapping. That same day, the court sentenced him to the aggregate term indicated above. This Court affirmed his judgment of sentence on August 8, 2012. *See Commonwealth v. Martinez*, 60 A.3d 562 (Pa.Super. 2012) (unpublished memorandum). Appellant did not seek review in our Supreme Court.

Appellant filed his first, timely, counseled, and ultimately unsuccessful PCRA petition in 2013. *See Commonwealth v. Martinez*, 120 A.3d 1056 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 126 A.3d 1283 (Pa. 2015). Subsequent *pro se* petitions filed in 2017 and 2020 likewise garnered him no relief. *See Commonwealth v. Martinez*, 260 A.3d 170 (Pa.Super. 2021) (non-precedential decision); *Commonwealth v. Martinez*, 185 A.3d 1152 (Pa.Super. 2018) (unpublished memorandum).

The PCRA petition at issue in this appeal was docketed on July 17, 2023. Therein, Appellant asserted that his guilty plea was involuntary because it was the product of prosecutorial misconduct. In particular, he pled that with the

above-quoted exchange, which he alleged was between ADA Mulqueen and Ms. Calantoni, the Commonwealth knowingly offered perjury because "ADA Mulqueen and Ms. Calantoni were both at the preliminary hearing and at no point did [A]ppellant cross[-]examine Ms. Calantoni[.]" PCRA Petition, 7/17/23, at 5B. He maintained that Mr. Lutz "was the first and only victim [that A]ppellant cross[-]examined." *Id*. at 5A.

Further, Appellant claimed that, while his trial counsel had forwarded him a copy of the audio recording of the preliminary hearing and he listened to it before trial, he never had a copy of the transcript. Still under a mistaken impression as to which victim identified his voice at trial based upon hearing it at the preliminary hearing, Appellant posited that the Commonwealth must have elicited the false testimony from Ms. Calantoni outside of his presence and violated *Brady v. Maryland*, 373 U.S. 83 (1963), by not providing the information to him. *See* PCRA Petition, 7/17/23, at 5B-5C.

The PCRA court issued notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. It explained that the petition was untimely, Appellant failed to allege an enumerated timeliness exception to the PCRA's one-year time bar, and his allegations in the petition evinced that he could have raised the claims years ago. *See* PCRA Court Notice of Intention to Dismiss, 10/16/23, at 5. Appellant filed a response, reiterating his misapprehension that Ms. Calantoni offered the testimony in question, and stating that his averments satisfied the governmental interference timeliness

exception to the PCRA. Unpersuaded, the PCRA court dismissed Appellant's petition by order of February 5, 2024. Appellant filed a timely notice of appeal along with a statement of errors complained of on appeal. Pursuant to Pa.R.A.P. 1925(a), the PCRA court referred us to its notice of intention to dismiss for its reasons for dismissing the petition at issue in this appeal. **See** Pa.R.A.P. 1925(a) Statement, 2/28/24.

Appellant presents four questions for our determination, but we need only address one: "Whether the PCRA court committed an error of law by not responding [to] and ignoring . . . Appellant's PCRA [invocation of] interference by government officials under [§] 9545(b)(1)?" Appellant's brief at 4.

We begin with an examination of the applicable legal principles. "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

Appellant challenges the PCRA court's conclusion that it lacked jurisdiction to consider his untimely petition. It is well-settled "that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief." **Commonwealth v. Fantauzzi**, 275 A.3d 986, 994 (Pa.Super. 2022). Any

PCRA petition must be filed within one year of the date that the underlying judgment of sentence became final unless the petitioner pleads and offers to prove one of the enumerated timeliness exceptions and files the petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant has invoked the exception codified at 42 Pa.C.S. § 9545(b)(1)(i), which relates to allegations that: "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S. § 9545(b)(1). It is plain that there are multiple reasons why his petition does not allege facts that satisfy this exception.

First, Appellant asserts that Ms. Calantoni perjured herself by saying Appellant cross-examined her, but no such testimony appears in the trial transcript. Rather, it was Mr. Lutz, whom Appellant acknowledged that he cross-examined at the preliminary hearing, who testified to recognizing Appellant's voice at that proceeding. In other words, the entire factual underpinning of his governmental interference allegation is false as shown by the certified record.

Second, the record also belies Appellant's contention that the Commonwealth withheld the record of the preliminary hearing. Appellant acknowledged that he heard the audio recording before trial, and counsel

cross-examined Ms. Calantoni with the written transcript of the recording at trial while Appellant was present. Thus, Appellant had full knowledge of who testified to what, and when, not only more than one year before the instant petition was filed, but before he was even convicted. He has alleged no acts on the part of the government that interfered with his ability to raise any claim about the preliminary hearing transcript at trial, on direct appeal, or in his first, timely PCRA petition.

The PCRA court thus properly concluded that Appellant's petition was untimely and failed to satisfy a timeliness exception. As a result, it lacked jurisdiction to consider the substance of Appellant's claims. *See Fantauzzi*, 275 A.3d at 994. Accordingly, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/9/2024