J-S47033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE JOHNSON, | : | |
| | : | |
| Appellant | : | No. 977 EDA 2024 |

Appeal from the PCRA Order Entered March 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006510-2013

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                 **FILED FEBRUARY 24, 2025**

Tyree Johnson ("Johnson") appeals pro se from the order entered by the Philadelphia County Court of Common Pleas dismissing his "Motion to Open and Vacate/Open Sentence."  Because Johnson's petition was properly construed as a serial, untimely petition pursuant to the Post Conviction Relief Act ("PCRA"),[1] and because Johnson failed to establish an exception to the statutory time-bar, we affirm.

On February 10, 2014, Johnson entered an open guilty plea to six counts of robbery, four counts of burglary, three counts of aggravated assault, two counts of criminal conspiracy, and two counts of violating the Uniform Firearms Act in connection with a robbery and shooting on February 24, 2013,

_____

[1] 42 Pa.C.S. §§ 9541-9546.

and a home robbery on March 4, 2013. On June 2, 2014, the trial court sentenced Johnson to an aggregate term of fourteen to twenty-eight years in prison. This Court affirmed Johnson's judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal on September 21, 2015. *See Commonwealth v. Johnson*, 2149 EDA 2014 (Pa. Super. Apr. 7, 2015) (non-precedential decision), *appeal denied*, 124 A.3d 309 (Pa. 2015).

Johnson filed a timely PCRA petition in October 2015, raising several claims including, inter alia, ineffective assistance of counsel, unlawful inducement of a guilty plea, and imposition of a sentence greater than the lawful maximum length. The PCRA court dismissed Johnson's petition without a hearing.

On September 5, 2023, Johnson filed the instant pro se "Motion to Open and Vacate Order/Sentence," broadly arguing that (1) his plea counsel unlawfully induced him to plead guilty to burglary; (2) the evidence was insufficient to sustain his burglary conviction, rendering his plea colloquy for the burglary charge deficient and his sentence for the burglary conviction illegal; and (3) the victim-impact testimony from the burglary victims was improperly admitted at the sentencing hearing. *See* Motion to Open and Vacate Order/Sentence, 9/5/2023. The PCRA court treated Johnson's motion as a PCRA petition and issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Subsequently, the PCRA

court dismissed the petition as untimely. Johnson filed a timely notice of appeal and presents the following issues for our review:

1. Did the Court of Common Pleas abuse its discretion or err as a matter of law in failing to grant motion to open and vacate sentence/order pursuant [to] 42 Pa.C.S. § 5505 and changing said motion into PCRA before denying any relief due to the motion being untimely filed?

2. Did the Court of Common Pleas abuse its discretion or err as a matter of law in failing to acknowledge and adhere to the exception(s) to 42 Pa.C.S. § 5505 and the limits of jurisdiction enshrined in 42 Pa.C.S. § 5505 [that] do not impinge on that time-honored inherent power of the courts?

3. Did the Court of Common Pleas abuse its discretion or err as a matter of law in dismissing the motion as being untimely filed?

Johnson's Brief at 6 (unnecessary capitalization omitted).

Before we address the merits of Johnson's claim, we must first determine whether the PCRA court properly treated his motion as a PCRA petition subject to the PCRA's jurisdictional requirements. Pennsylvania law provides that any request for relief after an appellant's judgment of sentence becomes final must be treated as a PCRA petition if the issues raised are cognizable under the PCRA. ***Commonwealth v. Fantauzzi***, 275 A.3d 986, 994–95 (Pa. Super. 2022); ***see also*** 42 Pa.C.S. § 9542 (establishing the PCRA as "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis").

- 3 -

On appeal, Johnson raises an argument that his sentence is illegal, which is cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(vii).[2] As Johnson's motion is cognizable under the PCRA, we must construe it as a PCRA petition.

Because Johnson's filing is a PCRA petition, we must address whether this second PCRA petition was timely filed or, alternatively, satisfies an exception to the statutory time bar. **Fantauzzi**, 275 A.3d at 994 ("[T]he timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief.") (citations omitted). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

A petition for relief under the PCRA, including a second or subsequent petition like Johnson's, must be filed within one year of the date the judgment of sentence becomes final unless that petition alleges, and the petitioner proves, that an exception to the time limitation is met. 42 Pa.C.S. § 9545(b)(1). The exceptions to the one-year time bar include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[2] We note that in his motion, Johnson also argued that his guilty plea was unlawfully induced, his due process rights were violated, and his trial counsel was ineffective. These claims are also cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2).

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1). A PCRA petition invoking a statutory exception must be filed within one year of the date the claim could have been presented. *Id.* § 9545(b)(2).

Johnson's judgment of sentence became final on December 21, 2015, after the time to file a petition for a writ of certiorari to the Supreme Court of the United States expired.[3] *Id.* at § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, the instant petition, filed on

_____

[3] Johnson's 90-day certiorari period expired on Sunday, December 20, 2015. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

September 5, 2023—nearly eight years after his judgment of sentence became final—is untimely. Further, Johnson failed to allege, let alone prove, any exceptions to the one-year time bar enumerated in the PCRA. *See* Motion to Open and Vacate Order/Sentence, 9/5/2023.

We note that Johnson, in an apparent attempt to circumvent the PCRA's time bar, asserts that the substantive issues he raises on appeal reveal obvious and patent mistakes in his sentence, which courts have the inherent authority to correct pursuant to 42 Pa.C.S. § 5505,[4] and ***Commonwealth v. McGee***, 302 A.3d 659 (Pa. 2023). Johnson's Brief at 9-10. We reject Johnson's argument. Although "inherent jurisdiction has been recognized in cases where the trial court lacked statutory authority to correct orders under 42 Pa.C.S.[] § 5505," there is no authority allowing a PCRA court "to consider a claim filed after the expiration of the PCRA filing period." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011); ***see also id.*** at 521 (noting that "[section 5505] did not establish an alternative remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA"). Furthermore, Johnson's reliance on ***McGee*** is unpersuasive, as our Supreme Court expressly ruled in ***McGee*** that "there is no patent and obvious error in the record, [and]

---

[4] Section 5505 states the following: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

we do not reach the question of whether a trial court's inherent authority to correct patent and obvious errors in the record is subject to the time limitations of the PCRA." **McGee**, 302 A.3d at 370.  Accordingly, Johnson may not sidestep the PCRA's jurisdictional requirements by relying upon 42 Pa.C.S. § 5505. **See Jackson**, 30 A.3d at 523 (holding that "when the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious").

In light of the foregoing, the PCRA court did not have jurisdiction to entertain Johnson's PCRA petition on the merits, and we likewise lack jurisdiction to consider the claims raised on appeal.  **See Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims.") (citation omitted).[5]

Order affirmed.  Application for relief denied as moot.

_____

[5] Johnson has also filed an application for relief at 977 EDA 2024, asking this Court to reconsider its order dismissing his appeal at 976 EDA 2024, and allowing him to file a new brief.  Notably, Johnson filed two notices of appeal (docketed at 976 EDA 2024 and 977 EDA 2024, respectively) from the order dismissing his PCRA petition (also listing two docket numbers).  Johnson failed to file a brief at 976 EDA 2024, and as a result, this Court dismissed the appeal.  Order, 10/24/2024.  However, because we have addressed the dismissal of Johnson's PCRA petition in his appeal in this case (977 EDA 2024), we deny Johnson's application as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/24/2025