J-S19036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOEL L. BROWN | : | |
| | : | |
| Appellant | : | No. 255 EDA 2025 |

Appeal from the PCRA Order Entered November 29, 2024
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000258-2016

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.:                                    **FILED JULY 25, 2025**

Noel L. Brown ("Brown") appeals pro se from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Brown filed an untimely PCRA petition and failed to establish an exception to the statutory time bar, we affirm.

In June 2016, Brown picked up A.C., a fifteen-year-old girl, from her home.  After her disappearance, a family member discovered that A.C. had answered an online advertisement seeking escorts and strippers.  A.C.'s family reported her as missing.  The police subsequently tracked A.C.'s cell phone and located her at a motel.  When police entered the motel room, they discovered Brown and A.C., who appeared to be intoxicated.  A.C. informed

_____

[1]  42 Pa.C.S. §§ 9541-9546.

police that Brown had provided her with alcohol and she had fallen asleep. While A.C. was asleep, Brown took a photo of her with her breasts exposed and posted it on Instagram to advertise A.C. as a prostitute. Police also found an agreement signed by A.C. in which she agreed that Brown would act as her pimp. Police arrested Brown.

The case proceeded to trial, after which the jury found Brown guilty of interference with custody of children, dissemination of photos of child sex acts, corruption of minors, furnishing liquor to minors, and trafficking in minors. On February 3, 2017, the trial court sentenced Brown to a term of 180 to 384 months of incarceration.

This Court affirmed the judgment of sentence on October 23, 2017. *Commonwealth v. Brown*, 2017 WL 4772761, 649 EDA 2017 (Pa. Super. Oct. 23, 2017) (non-precedential decision). Our Supreme Court denied Brown's untimely petition for allowance of appeal.

Brown filed his first timely PCRA petition on October 25, 2018, which the PCRA court dismissed. This Court affirmed the dismissal. *Commonwealth v. Brown*, 2020 WL 1461011, 2388 EDA 2019 (Pa. Super. Mar. 24, 2020) (non-precedential decision). Brown filed his second PCRA on January 10, 2022, which the PCRA court dismissed as untimely on April 20, 2022. Brown filed a motion for reconsideration on May 17, 2022, raising the same claims as he included in his second petition. The PCRA court denied the motion for reconsideration, and this Court, construing the motion as Brown's

- 2 -

third PCRA petition, affirmed the dismissal. ***Commonwealth v. Brown***, 2023 WL 2320417, 1656 EDA 2022 (Pa. Super. Mar. 2, 2023) (non-precedential decision).

On November 26, 2024, Brown filed the instant PCRA petition. The PCRA court dismissed it as untimely on November 29, 2024. Brown filed a motion for reconsideration on December 17, 2024, which the PCRA court denied on December 27, 2024. Brown then appealed from the November 29, 2024 order dismissing his PCRA petition on January 13, 2025.[2]

Prior to addressing the claims Brown raises on appeal, the threshold question we must address is whether he timely filed his PCRA petition or, alternatively, whether he satisfied an exception to the statutory time bar. ***See Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The timeliness

_____

[2] We note that this Court issued a rule to show cause, as to why the appeal should not be quashed as untimely. Brown did not file a response. This Court then entered an order indicating the rule to show cause would be referred to this panel for resolution. Upon our review of the PCRA court docket, there was no indication that Brown was served with the November 29, 2024 order dismissing his PCRA petition. Therefore, we will treat Brown's appeal as timely filed. ***See Commonwealth v. Midgley***, 289 A.3d 1111, 1117 (Pa. Super. 2023) ("Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely.").

requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." **Id.** (quotation marks and citation omitted); **see also Commonwealth v. Fantauzzi**, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

As stated above, this Court affirmed Brown's judgment of sentence on October 23, 2017. Thus, his judgment of sentence became final on November 22, 2017, as he did not file a timely petition for allowance of appeal to the Pennsylvania Supreme Court. *Id.* § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Brown therefore had until November 23, 2018,[3] to file a timely PCRA petition. *See id.* § 9545(b)(1). Thus, the instant PCRA petition, which Brown filed on November 26, 2024, is facially untimely.

Brown baldly asserts that there are newly discovered facts that would change the outcome of his case. Brown's Brief at 8 (unnumbered). Specifically, in both his PCRA petition and brief, Brown alleges that no house exists at the address of the victim and cites to Google Maps in support. *Id.*, PCRA Petition, 11/26/2024, at 4.

To properly invoke the newly-discovered fact timeliness exception, the petitioner must establish "1) the facts upon which the claim was predicated

---

[3] November 22, 2018, was Thanksgiving Day. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

were unknown and 2) could not have been ascertained by the exercise of due diligence." ***Brown***, 141 A.3d at 500 (citation omitted). "[W]hile we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two." ***Commonwealth v. Shannon***, 184 A.3d 1010, 1017 (Pa. Super. 2018).

Here, Brown has not established this evidence was unknown to him or could not have been discovered earlier through the exercise of due diligence. Indeed, the information could have been obtained from Google Maps at any time. Further, Brown fails to articulate how this evidence is relevant to his case. Accordingly, we conclude that Brown does not satisfy the newly-discovered fact exception to the PCRA's time bar.

Additionally, Brown raises numerous claims, such as witness and jury tampering, due process violations, ***Brady***[4] violations, prosecutorial misconduct, jurisdictional violations, improper venue, and ***Miranda***[5] violations. However, Brown did not plead any of the timeliness exceptions in conjunction with these claims before the PCRA court or in his brief on appeal before this Court. Therefore, we cannot address the claims. ***See*** 42 Pa.C.S. § 9545(b)(1).

---

[4] ***Brady v. Maryland***, 373 U.S. 83 (1963).

[5] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

As Brown's PCRA petition was untimely and he failed to sufficiently plead and prove that any exceptions to the time bar apply, the PCRA court did not have jurisdiction to decide the merits of Brown's PCRA petition, and we likewise lack jurisdiction to consider the claims he raises on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/25/2025