J-S41016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIGAH HAYES | : | |
| | : | |
| Appellant | : | No. 2013 EDA 2024 |

Appeal from the PCRA Order Entered July 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0505341-2006

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BECK, J.:                    **FILED FEBRUARY 9, 2026**

Eligah Hayes ("Hayes") appeals from the order entered by the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relef Act ("PCRA").[1]  Because the petition is untimely and Hayes has failed to establish an exception to the statutory time-bar, we affirm.

On June 23, 2006, Hayes entered a negotiated guilty plea to possession of a controlled substance with intent to deliver.  On July 7, 2006, the trial court sentenced him to eleven and one-half to twenty-three months of incarceration, followed by one year of probation.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

On June 24, 2007, while on parole, Hayes was arrested on new charges. Following a hearing, on February 1, 2008, the trial court revoked Hayes' parole and resentenced him to eleven and one-half to twenty-three months in prison, followed by one year of probation.

On January 31, 2009, police arrested Hayes and the Commonwealth charged him with attempted murder, aggravated assault, robbery, and criminal conspiracy. A jury found him guilty of the crimes, and the trial court sentenced him on July 30, 2010, to twenty to forty years in prison. Subsequently, on November 16, 2010, the trial court held a violation of probation ("VOP") hearing based on the new convictions. The trial court found Hayes in violation of his probation and resentenced him to five to ten years in prison to be served consecutively to his twenty-to-forty-year sentence.

On November 22, 2010, Hayes filed a motion for reconsideration of the VOP sentence. The trial court denied the motion. Hayes did not file a direct appeal.

On September 20, 2022, Hayes filed a pro se PCRA petition, alleging the VOP sentence imposed on November 16, 2010, was illegal. The PCRA court appointed Hayes counsel, who filed an amended PCRA petition. In the amended petition, Hayes conceded his petition was untimely filed and invoked the newly-discovered fact exception, arguing that his revocation sentence was illegal under **Commonwealth v. Simmons**, 262 A.3d 512, 527-28 (Pa. Super. 2021) (en banc) (holding that a trial court could not anticipatorily

revoke an order of probation if the commission of a new crime occurred after sentencing, but before period of probation had begun).[2]  The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and ultimately dismissed it on July 22, 2024.  Hayes filed a timely notice of appeal.

Hayes presents the following claims:

1. Whether the PCRA court was in error in denying Hayes' PCRA petition under the newly discovered facts exception to the timeliness requirement?

2. Whether the PCRA court erred in finding Hayes[] was not serving an illegal sentence for violating his probation when [he] had not yet begun his probationary sentence and thus could not be in violation?

Hayes' Brief at 7.

The threshold question we must answer is whether Hayes' PCRA petition was timely filed, or, alternatively, satisfies an exception to the statutory time bar.  *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016).  "[T]he timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief."  *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022).  "As the timeliness of a PCRA petition is a question of law, our standard of review

_____

[2] Subsequent to the filing of the amended petition, our Supreme Court in *Commonwealth v. Rosario*, 294 A.3d 338, 356 (Pa. 2023), approved the holding in *Simmons*, and concluded that a defendant may not be penalized for violation of a probation term that he/she has not begun to serve.

is de novo and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner provides that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United Sates or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." ***Id.*** § 9545(b)(2).

Hayes' judgment of sentence from the VOP hearing became final on December 16, 2010, after the time to file a direct appeal to this Court from

his VOP sentence expired.[3]   *Id.* § 9545(b)(3) (stating the judgment of sentence becomes final "at the conclusion of direct review… or at the expiration of time seeking the review").  Therefore, the instant PCRA petition, filed on September 20, 2022, is facially untimely.

Hayes, however, invokes the newly-discovered fact exception, relying upon this Court's holding in *Simmons* as a new fact.  Hayes' Brief at 12-13.  Specifically, Hayes argues the trial court revoked his probationary sentence prior to the sentence actually commencing, which, pursuant to *Simmons*, now constitutes an illegal sentence.  *Id*. at 13-16.

This argument fails.  It is well established that new case law does not constitute a "new fact" for the purposes of the exceptions to the PCRA.  *See Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011) (recognizing that allowing newly discovered case law to constitute a new fact under the PCRA would "circumvent the PCRA filing deadline").  Therefore, Hayes has failed to establish the newly-discovered fact exception to the PCRA.

Hayes raised no other exceptions to the PCRA's time bar either below or on appeal.  As Hayes failed to sufficiently plead and prove one of the exceptions to the PCRA's timeliness requirement, the PCRA court did not have

---

[3] We note that "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition.  The filing of a motion to modify sentence will not toll the 30-day appeal period."  Pa.R.Crim.P. 708(E).

jurisdiction to decide the merits of Hayes' PCRA petition, and we likewise lack jurisdiction to consider the claims he raises on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/9/2026