J-S47038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| VINCENT DAVIS | : | |
| Appellant | : | No. 1595 EDA 2025 |

Appeal from the PCRA Order Entered June 9, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0636011-1990

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED FEBRUARY 17, 2026**

Vincent Davis ("Davis") appeals pro se from the order entered by the Philadelphia Court of Common Pleas dismissing his petition for writ of habeas corpus.  Because Davis' petition was properly construed as a serial, untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"),[1] and Davis failed to establish an exception to the statutory time-bar, we affirm.

The record reflects that on April 5, 1990, police arrested Davis for his suspected involvement in the shooting death of Hezekiah Simmons. Thereafter, the Commonwealth charged Davis with first-degree murder, criminal conspiracy, possession of an instrument of crime ("PIC"), and carrying a firearm on a public street in Philadelphia without a license.  On

_____

[1] 42 Pa.C.S. §§ 9541-9546.

November 6, 1991, following a nonjury trial, the trial court found Davis guilty of first-degree murder and PIC. Notably, the trial court found Davis not guilty of conspiracy. The trial court then sentenced Davis to life imprisonment for the murder conviction and a concurrent term of two and one-half to five years imprisonment for PIC. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on August 16, 1994. *Commonwealth v. Davis*, 644 A.2d 804 (Pa. Super. 1994) (non-precedential decision), *appeal denied*, 647 A.2d 896 (Pa. 1994).

In the succeeding years, Davis filed several PCRA petitions, all of which were denied or dismissed. *See, e.g., Commonwealth v. Davis*, 270 A.3d 1170 (Pa. Super. 2021) (non-precedential decision), *appeal denied*, 282 A.3d 1126 (Pa. 2022); *Commonwealth v. Davis*, 175 A.3d 375 (Pa. Super. 2017), *appeal denied*, 178 A.3d 734 (Pa. 2018), *cert. denied*, 584 U.S. 939 (2018); *Commonwealth v. Davis*, 700 A.2d 1023 (Pa. Super. 1997) (non-precedential decision), *appeal denied*, 722 A.2d 1055 (Pa. 1998).

On April 4, 2023, Davis filed pro se a PCRA petition. He then filed six amended or supplemental PCRA petitions.[2] On July 19, 2024, Davis filed a document entitled "Petition for Writ of Habeas Corpus." In this filing, Davis sought to withdraw his PCRA petition and argued that the trial court lacked

---

[2] It does not appear he had permission to file these amended and supplemental petitions. *See Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012) (a petitioner who wishes to amend a pending PCRA petition must first seek and obtain leave of court); *see also* Pa.R.Crim.P. 905.

subject matter jurisdiction of his first-degree murder offense, a claim he contended was not cognizable under the PCRA. Thereafter, on October 7, 2024, Davis amended the filing, arguing that because the trial court determined that the evidence was insufficient to sustain a conspiracy conviction, it somehow necessarily followed that he lacked the specific intent required to support a first-degree murder conviction. Subsequently, on January 7, 2025, Davis again amended the filing, reiterating his claim he lacked the specific intent required for the first-degree murder conviction. He additionally argued that the trial judge's ruling violated Code of Judicial Conduct and created an appearance of impropriety.

The PCRA court construed the habeas corpus petition as a PCRA petition and issued a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Davis filed a response. Subsequently, the PCRA court dismissed the petition.

Davis filed a timely notice of appeal and raises the following questions for our review:

1. Whether the [PCRA] court abused its discretion and violated its code of judicial conduct by arbitrarily relying on an unrelated, previously litigated claim to justify its decision to deny/dismiss [Davis'] habeas corpus petition as an untimely filed [PCRA] petition?

2. Whether a challenge to appearance of impropriety falls outside of the ambit of potential claims cognizable under the precursor to the PCRA?

3. Whether the trial court's judgment was and continues to be infected by the appearance of impropriety?

Davis' Brief at VI (unnecessary capitalization omitted).

Davis argues that the PCRA court erred in treating his habeas petition as a PCRA petition. *Id.* at 5. He contends that his claim of an appearance of impropriety is not cognizable under the PCRA. *Id.* at 5-9.

It is well settled that any request for relief filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition if the issue raised is cognizable under the PCRA. *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022); *see also* 42 Pa.C.S. § 9542 (defining the PCRA as "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis"). Importantly, an appellant cannot escape the PCRA time-bar by simply fashioning a petition as a writ of habeas corpus rather than PCRA. *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

Although Davis frames his argument as a claim of judicial impropriety, his actual contention is that he was wrongly convicted of first-degree murder after being found not guilty of conspiracy to commit that murder. *See* Davis' Brief at 9-11. A claim that a petitioner was convicted of a crime that they did not commit is cognizable under the PCRA. *See* 42 Pa.C.S. § 9542 (noting the PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences"); *see also id.* § 9543(a)(2)(i). In any event, a judicial bias claim has also been found to be

- 4 -

cognizable under the PCRA. ***See Commonwealth v. Taylor***, 283 A.3d 178, 188 (Pa. 2022). As the contentions Davis raised in his filing are cognizable under the PCRA, we conclude the trial court correctly construed his habeas petition as a PCRA petition.

Thus, the next question we must answer is "whether the instant PCRA petition was timely filed." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). The timeliness requirement "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." ***Id.*** (citation omitted); ***see also Commonwealth v. Fantauzzi***, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The law is clear that to be timely, a PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final unless the petitioner pleads and proves at least one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petition and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).  A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Davis' judgment of sentence became final on November 14, 1994, after the time to seek review from the United States Supreme Court expired.  *Id.* § 9545(b)(3).  Therefore, the instant petition, filed on July 19, 2024, is facially untimely.

Davis failed to allege any exceptions to the one-year time-bar in his filing.  Accordingly, neither the PCRA court nor this Court have jurisdiction to consider the merits of Davis' claims.  *See Commonwealth v. Keys*, 328 A.3d 1141, 1146 (Pa. Super. 2024) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims") (citation omitted).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/17/2026

- 6 -